Kent, Ch. J.
delivered the opinion of the court. The defendant avows the taking of the beasts damage-feascmt. He does this in three several avowries, and the last of them is clearly bad, because the avowant does not set forth his title, or allege the-estate of which he was seised. He avows only that he was lawfully possessed of the close, and this Was not enough by the rules of the common law; and as we have no statute altering the rule of pleading in this respect, the rule still prevails, and so it was declared by this court in Harrison v. M‘Intosh. (6 Johns. Rep. 380.)
The general replication to the avowries, de injuria sua, &c„ would have been bad on special demurrer, according to the cases of Lyttle v. Lee and Ruggles, (5 Johns. Rep. 112.) and Jones v. Kitchin. (1 Bos. & Pull. 76.) But the mérits of this case do-not turn upon the technical objections to the last avowry, or to the general replication. The special replications disclose matter which, according to the cases of Pratt v. Petrie,‡ and of Sackrider v. M‘Donald,ǁ fenders the avowant a trespasser ab initioK and entitles the plaintiff to his damages for the original taking*
*379 The action of replevin is grounded on a tortious taking* and it sounds in damages like an action of trespass, to which it is extremely analogous if the sheriff has already made a return, and the plaintiff goes only for damages for the caption. It is a point assumed in many of the books, (Com. Dig. tit. Pleader, 3 K. 20. 1 Chitt. Plead. 562.) and nowhere denied, that the plaintiff may plead in bar to the avowry that the avowant so abused the distress as to render himself a trespasser from the beginning. 'There is no reason why the general principle should not apply to this action as well as to trespass, that where a person acts under i an authority or license given by law, and abuses it, he shall be deemed a trespasser ab initio^ The party recovers his damages in this action as well as in trespass, and the law would be incon-' sisfent in holding, in the action of replevin, that the original taking was valid, notwithstanding any subsequent abuse, and awarding a return, and yet in the action of trespass, to punish the party for the first taking. There is no colour for such a distinction in The Six Carpenters’ Case, (8 Co. 146.) where all the law on the subject is fully discussed and clearly expounded. It is there declared, that if “ the owner who distreineth for damage-feasant doth work or kill the distress, the law will adjudge that he entered Sor that purpose, and because the act which doth demonstrate the same is a trespass, he shall be a trespasser ab initio.” But the / court proceed to state and illustrate the cases in which the party is not to be adjudged a trespasser ab initio ; as if a man take cattle damage-feasant, and the other tender sufficient amends, and he refuses to deliver them back, if he sue a replevin, he shall recover damages only for the detention, and not for the taking, for that was lawful. The necessary inference from the language of the case is, that in the first instance put, the person taking and abusing the beasts would, on a replevin, be deemed a trespasser from the beginning.
The plaintiff is, consequently, entitled to judgment upon the whole record, and to have his damages assessed.
Judgment for the plaintiff

 2 Johns. Rep. 691.

 Ante, 253.