JOHN DOE, *ex dem.* MURRAY MCCONNEL, plaintiff in error, *v.* ISAAC JOHNSON, defendant in error.

*Error to Morgan.*

An affidavit for a continuance of a cause, on account of the absence of a material witness, made at a term of the Court after a continuance of the cause had been had, on account of the absence of a witness by whom the same facts could be proved, stated that the witness was subpœnaed, and when subpœnaed resided in Scott county, (an adjoining county to the one where the suit was pending,) but that he resided at the time of the application for a continuance, in the county of Greene ; and that the witness had promised to be present at Court ; but it also appeared that on the 16th of May, (the trial being had on the 26th of June,) the party applying for a continuance had made affidavit in the clerk's office, for the purpose of taking the witness' deposition : *Held*, that sufficient cause for a continuance was not shown.

A person ought not to be made a lessor in an action of ejectment, who has no subsisting title.   This is the general rule.   If there be an exception to it, the case containing the exception ought to be clearly and specifically stated to the Court, and the necessity of the exception shown.   Where a person is improperly made a lessor in an action of ejectment, the demise from him will, on motion, be stricken from the declaration.

Where the lessor of the plaintiff and the defendant in an action of ejectment, both claim title through the same party, it is unnecessary to show that party's

McConnel v. Johnson.

title, unless disputed; and the refusal of the Court to permit the plaintiff to show how such party acquired his title, is not error.
When a deed is acknowledged and recorded, it is properly admitted in evidence, without proof of its execution.

THIS was an action of *ejectment* instituted in the Morgan Circuit Court, to recover the possession of the west half of the southwest quarter of section number 32, in township 14, N., R. 12 west, in the County of Morgan.

The declaration as originally filed, contained a demise from McConnel only. At the October term, 1838, the Hon. Jesse B. Thomas presiding, the plaintiff obtained leave to file an amended declaration, making additional demises, and from other and different persons than the lessor named in the original declaration. He then amended his declaration by filing a count laying a demise from Henry H. Haynie, and a count laying a demise from Seth Pratt. Thereupon the defendant filed the following affidavit :

" The said Isaac Johnson being sworn, states that the above named Seth Pratt left the State of Illinois, several years since, with the intention of removing from the State ; that said Pratt has not since returned to the State, as he believes. He further states, that said Pratt, as he is informed and believes, does not reside in the State of Illinois. He further states, that the above named Henry H. Haynie conveyed the land in controversy in this suit, on the 8th day of April, 1830, to Samuel Stanfield ; that said Stanfield subsequently conveyed the said land to Nicholas Selby, who subsequently conveyed the same to James Tucker, who, as this defendant believes, subsequently conveyed the same to Seth Pratt ; that said Seth Pratt conveyed the land to this defendant, on the 16th day of February, 1833, and after this conveyance was made, the above lessor, Murray McConnel, purchased the land upon an execution against said Seth Pratt, and claims the land under and by virtue of that purchase, as defendant believes. This defendant further states, that he does not believe that said Haynie or Pratt ever authorized their names to be used as lessors in this cause. This defendant is satisfied that neither Haynie or Pratt have any claim to said land, or any desire or intention to prosecute suits for the same.

" ISAAC JOHNSON."

" Subscribed and sworn to before me, this 31st day of October, 1838.

" WM. GORDON, *J. P.*"

The defendant then pleaded the general issue, and upon motion of the plaintiff, and affidavit filed, the cause was continued to the next term of the Court.

At the June term, 1839, the Hon. Samuel H. Treat presiding, the following affidavit was filed, and a motion was made for a con-

tinuance, which was overruled by the Court ; to which an excep-
tion was taken : (1)

" Personally came M. McConnel, the lessor of the plaintiff, and
makes oath that the defendant Johnson, as he is informed and be-
lieves, is in possession of the land.    The said plaintiff claims said
land under a deed from the sheriff of Morgan county, which con-
veys to the lessor of the plaintiff, all the right and title of one
Seth Pratt, who, it is claimed, was the owner of said land.    Said
defendant also claims under a deed from the same Pratt.    Said
lessor further states, that Daniel Roberts is a witness in this cause,
by which he expects to prove, that the conveyance by the said
Pratt to the said Johnson, was made without any consideration,
and for fraudulent purposes, and to defraud creditors, and for the ex-
press purpose of defrauding the creditor upon whose judgment the
execution issued, upon which the land was sold, for which the deed
under which the plaintiff claims was made. Said Roberts had been
subpœnaed, and he resided at the time he was subpœnaed in this
cause, in the county of Scott ; but this lessor is now informed that
said witness has since removed to Greene county.    Said subpœna
has not been returned from Scott county ; but the said witness has
acknowledged to the said lessor, that said subpœna has been properly
served upon him, and that he would attend this Court ; but the
said witness is not here in attendance upon this Court ; and there-
fore the said lessor prays that said cause may be continued to the
next term of said Court.

"M. McConnel."

" Sworn to and subscribed, this 26th day of June, 1839.

"Dennis Rockwell, *Clerk.*"

The cause was then submitted to a jury, who returned a verdict
for the defendant.

From the bill of exceptions it appears, that " upon the trial of
this cause, the plaintiff produced, as evidence, and relied upon,
the following deeds of conveyance, as showing title in the lessor :
1st.  A Register's certificate from the Register of the Land Office
at Springfield, to Henry Haynie ;   2d.  A deed from Haynie to
Stanfield ;  3d.  A deed from Stanfield to Selby ;  4th.  A deed
from Selby to Tucker ;  5th.  A deed from Tucker to Pratt ;
6th.  A deed from the sheriff of the county of Morgan, conveying
all the rights of the said Pratt to the lessor of the plaintiff, which
deed of the sheriff bore date the 31st October, 1836, and accom-
panying which was a transcript of a judgment properly certified to
have been filed in the clerk's office of Morgan county, and made a
judgment of the Circuit Court of said county, according to the
statute, on the 16th of April, 1835, under which judgment the ex-
ecution upon which the land was sold, and out of which grew the
sheriff's deed, was issued.    The possession of the defendant was

(1) See statement at the bottom of page 526, and top of page 527, *Post.*

McConnel *v.* Johnson.

proved, at the service of the declaration. The possession and occupancy of said Pratt was proven to have existed before the date of said sale under which the sheriff's deed was made. Whereupon the defendants objected to the admissibility of the deed from Selby to Tucker, because of the insufficiency of the certificate of acknowledgment, which is as follows :

" ' State of Illinois, Morgan county.

" ' Personally appeared before me, Presley N. Haycraft, a justice of the peace within and for said county of Morgan, and State aforesaid, Nicholas Selby, and Margaret his wife, who are personally known to me, and acknowledged the foregoing indenture to be his voluntary act for the purposes within mentioned. And Margaret Selby, wife of the said Nicholas, being by me examined separate and apart from her said husband, declared that she freely and voluntarily relinquished her right of dower in and to the same, without the persuasion, fear, threats, or coercion of her said husband, and that she desired the same to be admitted to record. Given under my hand and seal, this twenty-seventh day of December, eighteen hundred and thirty-one.

' PRESLEY N. HAYCRAFT, *J. P.* [SEAL.] '

which objection was sustained, and the deed excluded. The plaintiff excepted to this decision of the Court.

" The defendant then offered in evidence a deed from Seth Pratt to him, of the premises in question, to which was annexed the following certificates, to wit :

" ' State of Illinois, Morgan county, ss.

" ' Personally appeared before me, the subscriber, an acting justice of the peace for said county, the within named Seth Pratt, who is personally known to me to be the identical person who subscribed the within deed of conveyance, and acknowledged the same to be his voluntary act, for the purpose therein expressed. Given under my hand and seal, this 16th day of February, 1835.

' IRA ROWAN, *J. P.* [SEAL.]'

" ' State of Illinois, Morgan County, ss.

" ' I, John Hanback, a justice of the peace within and for said county, do hereby certify, that Levi Harlin of said county, who is a responsible witness, this day appeared before me, and made oath in due form of law, that he is personally acquainted with William Roberts, whose name appears subscribed as a witness to the annexed deed of conveyance, from Seth Pratt to Isaac Johnson ; that he has often seen the said William Roberts write and sign his name, and is acquainted with this signature, and his handwriting, and he believes that said Roberts subscribed his name with his own hand, as a witness to said deed ; and the said Harlin further states, that he is personally acquainted with Seth Pratt, whose name is subscribed to said deed, as grantor ; he is also well acquainted with

the handwriting of said Pratt, he has frequently seen said Pratt write and sign his name; and by seeing him write and sign his name, as aforesaid, he became acquainted with his handwriting and signature, and he believes that the name of said Pratt subscribed to said deed, was subscribed by the said Pratt, with his own hand.   He further states, that the said Pratt removed or went from the State of Illinois, several years since, and has not returned so far as he knows or believes.   He further states that said William Roberts left his residence in Morgan county, Illinois, several years ago, and went to the South, on a trading expedition, from whence he returned to Morgan county, and shortly thereafter left the county again, and went North to the Lead Mines, as deponent believes, and has not since returned.   The said Harlin further states, that he does not know whether the said Roberts resides in Illinois or not.                                                L. HARLIN.'

" ' Subscribed and sworn before me, this 1st day of November, 1838.                                              JOHN HANBACK, J. P.'

" ' Filed October 8th, 1833, and recorded in the Recorder's Office, Jacksonville, Morgan county, Illinois, in Book E, page 437.
                                              ' D. ROCKWELL, Recorder.'

" To the admissibility to all and each of said papers as evidence, the said plaintiff objected, which objections were overruled by the Court, and said papers were read as evidence.   It was also proved that the defendant had possession of the land prior to the filing of the transcript of the judgment aforesaid.   The defendant then moved the Court to instruct the jury, that, if they believed that the deed from Pratt to the defendant, included the land in controversy, then the said deed being prior, in date, to the filing of the transcript of the judgment, under which the levy and sale by the sheriff took place, they must find for the defendant; which instruction the Court gave, and to which opinion of the Court the plaintiff excepted."

M. McConnel, for the plaintiff in error, cited 1 Caines 251; 2 Caines 26; Caines' Cas. 49.

Wm. Thomas, for the defendant in error:
The decision of the Circuit Court in striking out the demises was correct, and the Court might, very properly, have punished the attorney for using the names of persons without authority.

Jackson ex dem. Livingston et al. v. Sclover, 10 Johns. 368; Jackson ex dem. Starr and wife v. Richmond, 4 Johns. 482; 4 Johns. 140; 7 Johns. 539.

Upon the question of continuance, the record shows that the cause was continued at the previous term, upon the affidavit of McConnel, that Pratt was a material witness; and several months

before the last continuance McConnel had filed an affidavit of the materiality of the testimony of Roberts, and of his residence out of the county, preparatory to the taking of his deposition. No reason appears why the deposition was not taken, no evidence that the witness had been served with subpœna, or that his fees had been tendered. The want of diligence was therefore manifest.

Upon the question of rejecting the deed offered by plaintiff to show title, the record shows that this question and this deed was wholly immaterial. Both parties claimed title through Pratt, and both were bound to admit that he had title, and neither were bound to prove title in him. Tillinghast's Adams on Ejectment, title " Of the evidence," &c. chap. 10, pages 247, 248.

Upon the question of admitting the deed from Pratt to defendant as evidence, it is insisted, First, That plaintiff shall not be permitted to insist that the Court erred in rejecting his deed, and also in admitting defendant's deed. If the Court permitted plaintiff's deed to be read, the same rule of decision would have required defendant's deed to be admitted. Secondly, That defendant's deed was properly admitted as evidence.

Ayers v. McConnel, Ante 307 ; 1 Peters' Cond. R. 476 ; Littell's Sel. Cas. 221 ; 2 Johns. 230 ; 15 Johns. 89 ; 4 Peters 82.

Smith, Justice, delivered the opinion of the Court :

Four grounds have been assumed as causes of error, and relied on for a reversal of the judgment in this cause. They are as follows :

First, The Court erred in striking out the amended counts in the declaration which contained demises in the names of Pratt and of Haynie.

Secondly, There was error in the Court's refusing a second continuance of the cause.

Thirdly, There was error in rejecting the deed from Selby to Tucker offered as evidence.

Fourthly, There was error in admitting the deed from Pratt to Johnson to be read in evidence.

Upon the first ground, it is to be remarked, that the general rule is, that a person ought not to be made a lessor in ejectment, who has no subsisting title.(1)

Although the two new counts were added to the declaration by the leave of the Court, under an order to amend the declaration, yet it subsequently appearing by the disposition of Johnson, that Pratt and Haynie had no interest whatever in the lands in controversy, the order to strike out the counts added was consequently correctly made.

If any person, who may have once had a title, is to be made lessor, the burden of deducing a title from him is taken from the plaintiff, and thrown on the tenant, which would be unreasonable.

(1) 10 Johns. 369 ; 4 Johns. 483.

If there is a case that ought to be excepted from the general rule, it ought to be clearly and specially stated to the Court, and its necessity shown.(1)

On the refusal to grant the second continuance of the cause, we discover no error ; but on the other hand, a great want of diligence on the part of the applicant. The materiality of the testimony of Roberts, had been long previously shown by a deposition of McConnel, on file, and why early steps had not been taken to have his testimony taken by deposition, the witness residing out of the county of Morgan, does not appear ; nor is it perceived that even ordinary efforts had been made to obtain the attendance of the witness. His absence is not accounted for. The refusal to postpone the trial was entirely justified.

On the third ground of the rejection of the deed from Selby to Tucker, the exclusion of the deed is justified on the plainest principles of evidence.

The lessor of the plaintiff and the defendant claiming title from the same source, (Seth Pratt,) it was a matter wholly immaterial whether the deed should be admitted as evidence of title, neither disputing the title of Pratt. It was consequently a matter of no importance from whom Pratt derived his title, for the purpose of determining the main question before the Court.

A ready answer may be given to the point presented by the last ground. The execution of the deed from Pratt to Johnson, which was admitted in evidence, was sufficiently proved by the acknowledgment made before the justice of the peace, and the certificate of the recorder of the county. The certificate by the magistrate is full, certain, and direct. The additional proof contained in the deposition of Harlin, of the handwriting of Pratt, and the subscribing witness, Roberts, is only cumulative, and fortifies the certificate of acknowledgment of the justice.

We are of the opinion that the judgment should be affirmed.

*Judgment affirmed.*