(36 App. Div. 67.)

BRACKEN v. ATLANTIC TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

1. JUDGMENTS—PERSONS CONCLUDED—CESTUIS QUE TRUSTENT.
    Where a trustee of bonds at the request of the holders sued to procure property pledged for their payment under a contract with the trustee, the judgment in such action was binding on the bondholders, under Code Civ. Proc. § 449, authorizing the trustee of an express trust to sue without joining the beneficiary.

2. SAME—PLEADING—ESTOPPEL.
    A judgment is sufficiently pleaded in estoppel by alleging the fact of its rendition, without alleging legal conclusions following therefrom.

3. SAME—MATTERS CONCLUDED—RECOVERY OF PROPERTY—DAMAGES.
    A judgment in an equitable action by a trustee of bonds to subject property pledged to their payment, either by delivery to the trustee or by sale, estops the bondholders from thereafter suing the same defendant for the unlawful detention of such property prior to the rendition of the

judgment, since such damages were properly recoverable in the former action.

4. DETENTION OF PROPERTY PENDING APPEAL.

One having recovered judgment for the possession of property has no cause of action against defendant for its detention pending appeal, since, if the appeal was without a stay of proceedings, the judgment could be enforced in spite of it, and. if there was such a stay, the detention was justified.

Appeal from trial term, New York county.

Action by William Bracken against the Atlantic Trust Company and others. From a judgment for plaintiff and an order denying a new trial (51 N. Y. Supp. 1007), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

James C. Carter, for appellants.

William B. Hornblower, for respondent.

RUMSEY, J.   On the 1st of July, 1889, the Julien Electric Traction Company issued 102 bonds, in each of which it promised to pay to the Mercantile Trust Company or the bearer $1,000, with interest at 6 per cent.   To secure the payment of those bonds the corporation gave a mortgage to the Mercantile Trust Company as trustee.   On the 28th of April, 1890, the United Electric Traction Company made an agreement with the Mercantile Trust Company, as trustee for the owners and holders of the bonds, by which it guarantied the payment of the bonds of the Julien Company.   As security for that guaranty there was deposited with the Atlantic Trust Company 30,000 shares of the stock of the Consolidated Electric Storage Company, the receipt of which stock was acknowledged by an indorsement of the president of the Atlantic Trust Company on the back of the guaranty.   The interest of the Julien Company's bonds due on the 1st of July, 1891, was not paid.   Early in the year 1892 the Mercantile Trust Company declared the principal of said bonds due, and began an action to foreclose the mortgage which it held as security for them.   As the result of that foreclosure but a small sum was realized, and the Mercantile Trust Company, as trustee for the bondholders, demanded of the Atlantic Company the 30,000 shares of the stock of the Consolidated Electric Storage Company which it held, or that it sell that stock and apply the proceeds to the payment of the principal and interest of the Julien Company's bonds which then remained unpaid.   This the Atlantic Company refused to do, for reasons which it is not necessary to consider. After that refusal the Mercantile Trust Company, as trustee, brought an action against the Atlantic Trust Company, setting out the facts above stated, and asking judgment that the Atlantic Trust Company be adjudged to deliver to the plaintiff in that action 30,000 shares of the Consolidated Electric Storage Company's stock, that it might apply the proceeds of the sale of the stock to the payment of the principal and interest due upon the bonds of the Julien Electric Traction Company, or that the stock be sold under the direction of the court, and the proceeds be applied in the same direction.   The

summons in that case was dated on the 14th of December, 1892. Such proceedings were had in that action that on the 21st day of January, 1895, judgment was entered requiring that the Atlantic Trust Company forthwith deliver to the plaintiff, the Mercantile Trust Company, as trustee, 30,000 shares of capital stock of the Consolidated Electric Storage Company, that the same might be sold, and the proceeds applied to the payment of the bonds of the Julien Company. An appeal was taken from this judgment, and it was affirmed at the general term. 33 N. Y. Supp. 252. An appeal was then taken to the court of appeals, which, by an arrangement between the parties, was discontinued in the month of March, 1896; and shortly afterwards the shares of stock in reference to which the litigation had been had were delivered by the Atlantic Trust Company to the Mercantile Trust Company, in pursuance of the judgment. The stock was then sold, and brought 7 cents a share, so that the proceeds of it were entirely insufficient to pay the bonds of the Julien Company, for which it had been held as security, and in fact were hardly more than enough to pay the expenses of the original action, if they paid even so much. In the meantime the plaintiff in this action had become the holder of all the bonds of the Julien Electric Traction Company, except 5 which were owned by the defendant Thomas B. Shoaff; and, when it was ascertained that the proceeds of the sale of the 30,000 shares of stock were not sufficient to pay the bonds, the plaintiff brought this action against the Atlantic Trust Company, making Mr. Shoaff a defendant because he refused to join as plaintiff, and also joining the Mercantile Trust Company as a defendant in the action. The complaint set up the facts above stated, and alleged that the value of the stock was $4.50 a share at the time when, in 1892, the Mercantile Trust Company demanded of the Atlantic Trust Company a delivery of it, so that, if it had been sold, the proceeds would have been more than sufficient to pay the principal and interest of the bonds of the Julien Electric Traction Company and the expenses of the sale. The complaint further alleged that during the time wherein the Atlantic Trust Company insisted upon the possession of those bonds, and refused to deliver them to the Mercantile Trust Company, the stock steadily declined in value, so that in the month of April, 1896, when it was sold as above stated, it realized only the sum of 7 cents a share, or $2,100 in all. It was further alleged that the Julien Electric Traction Company, the maker of the bonds, and the United Electric Traction Company, its guarantor, were absolutely insolvent, and had no assets whatever. Other facts were set up, by way of showing special damage, which it is unnecessary to consider in this connection. The relief asked for was that the plaintiff and Shoaff, as the bondholders of the Julien Company, might recover the damages which they suffered by what was said to be the unlawful retention of the storage company's bonds by the Atlantic Trust Company, by reason of which they became of no value as security for the payment of the Julien Company's bonds. The Atlantic Trust Company defended this action, and, in addition to certain facts which it is unnecessary to consider, it set up the judgment recovered by the Mer-

cantile Trust Company, as trustee, to obtain possession of the stock. Upon the trial there was practically no disputed question of fact, except the value of the stock, and the court submitted to the jury simply the question of damages. A verdict was rendered for the sum of $151,124.82, upon which final judgment was entered in favor of the plaintiff and against the Atlantic Trust Company. After a motion for a new trial had been made and denied, this appeal was taken from the judgment and order denying the motion.

The facts in the case are not disputed, and the only question presented upon this appeal is whether the judgment of the Mercantile Trust Company entered in 1895 operates to preclude the plaintiff from asserting in this action a claim for damages caused to the holders of the Julien Company's bonds because of the depreciation of the stock, either before the rendition of that judgment or afterwards. The Mercantile Trust Company was named as the trustee, not only in the bonds, and the mortgage of the Julien Company to secure them, but also in the contract of the United Electric Traction Company by which the bonds were guarantied. It was therefore a "trustee of an express trust," within the definition used of that term in section 449 of the Code of Civil Procedure. It appears, and is not disputed, that that action was brought by it at the request of the bondholders, who took part in the prosecution of it. Therefore those bondholders were privy to the judgment there entered, and are bound by that judgment, and by everything that results from it, to precisely the same extent as though they had been the parties themselves. In re Straut, 126 N. Y. 201, 27 N. E. 259. That judgment, relied upon as a bar, has the same effect, therefore, as though that action had been brought in the name of the bondholders.

But it is said by the plaintiff that, to be effectual as a bar, the judgment must have been pleaded. Brazill v. Isham, 12 N. Y. 9. Undoubtedly that is so. But the judgment is pleaded. The answer of the Atlantic Trust Company sets out the fact that the judgment was rendered, and that was all it was required to do. Coatsworth v. Railroad Co., 156 N. Y. 451, 457, 51 N. E. 301. If it put the court in possession of the fact that an action of that nature had been brought, and judgment rendered in it, it was not called upon in its pleading to set up any legal conclusions from that fact. The court, upon proof of it, was called upon to draw the legal conclusions that necessarily followed therefrom, and to give to the defendant the benefit of all those conclusions. We are then brought face to face with the important question in the case: What was the effect of that judgment, and did it preclude the Mercantile Trust Company, as trustee, or the plaintiff in this action, its privy, from insisting in a subsequent action that it was entitled to recover damages for the failure of the Atlantic Trust Company to deliver the stock in pursuance of its agreement? The learned justice in the court below held that it did not. In considering it, it must be remembered that a judgment between the same parties may be conclusive, not only as to what was determined, but, in certain cases, as to what was not determined.

One party may bring against another as many separate actions as he has causes of action against him, and he is not bound to unite them

all in one action, or even to bring them all at the same time, so that a judgment in one action has no effect whatever as an estoppel in regard to any distinct cause of action, except so far as possibly it may determine facts which are material in the other action. But in each action the plaintiff is called upon to assert every right which necessarily inheres in or grows out of the alleged cause of action as a mere increment of it. Bigelow, Estop. (4th Ed.) p. 159. It is with reference to this principle that the rule applies that the estoppel of a former judgment extends not only to every material matter which was litigated and determined in it, but as to every other matter which, though it may not have been determined, or even considered, was necessarily involved in the thing which was determined. Pray v. Hegeman, 98 N. Y. 351; Griffin v. Railroad Co., 102 N. Y. 449, 7 N. E. 735. The question thus presented is whether, in the action which was brought by the Mercantile Trust Company, as trustee, for the possession of this stock, based upon the refusal of the Atlantic Trust Company to deliver it, the damages, if any, which had been suffered by the trustee of the bondholders because of the depreciation of the stock, might have been, and should have been, recovered. The action was, in form, an action on the equity side of the court for the delivery of the stock to the plaintiff, because of an alleged right which the plaintiff had to it. It might be that, as the plaintiff had not the legal title to the stock, it could not have maintained the action of replevin, but yet it sought in another way to obtain precisely the same relief that might have been obtained in that action. In such an action the plaintiff could always recover, not only the particular thing which was the subject of the action, but damages for its unlawful detention. 3 Bl. Comm. 145, 146; Stauff v. Maher, 2 Daly, 146; 1 Saund. 347a, note; Hopkins v. Hopkins, 10 Johns. 369–373. The right to recover damages in such cases was not given to a plaintiff by statute, but existed at common law, and grew out of the unlawful detention or unlawful taking which lay at the foundation of the right of a recaption of the goods; and the damages, if recovered, were to be estimated down to the time of trial. So that, had this been an action of replevin upon the law side of the court, there would have been no doubt that the plaintiff must have proved his damages in the action of the Mercantile Company against the Atlantic Company, and that such damages were a part of its cause of action for the unlawful detention of the stock. The cause of action in the case at bar stands upon facts which existed at the time of the trial of the original action. To enable the plaintiff to recover, it is bound to prove every fact which the Mercantile Trust Company proved in that case, and in addition the single further fact of the depreciation of the stock between the time when the demand was made and the time of its delivery. In the original action the plaintiff might have proved, had it so desired, in addition to the facts which it did prove, the depreciation of the stock from the time of the demand to the time of the trial of that action; and, upon proving it, it would have been entitled to damages for such depreciation, as its compensation for the unlawful detention of the property. That right to compensation grew out of the original wrong only. It was a necessary result of it, and therefore inhered

in it as an essential part of the right of recovery. It was just as much within the purview of the equitable action as damages for the unlawful detention of property are within the purview of an action for replevin, and whatever is within the purview of the action is conclusively presumed to have been disposed of when another action is brought by the same plaintiff against the same defendant to recover it. Hayes v. Reese, 34 Barb. 155; Stockton v. Ford, 18 How. 418; Cromwell v. Sac Co., 94 U. S. 351. Even if this be regarded as an action for the specific performance by the Atlantic Trust Company of its contract to hold the stock for the benefit of the bondholders, yet in such an action a court of equity is at liberty to give damages for a delay in the performance of the contract, if it sees fit to do so. 2 Story, Eq. Jur. § 796; Forrest v. Elwes, 4 Ves. 497. The fact that this judgment was rendered upon the equity side of the court is a matter of no importance. Even had that cause been brought in a court having equity jurisdiction only, that court would have had power to dispose of all the questions arising between the parties; and the decree of a court of equity, even in a case where the equitable and legal jurisdiction were vested in different courts, had precisely the same binding effect as though it were a judgment in a court of law. 2 Black, Judgm. § 517 et seq. But in this state there is no court constituted solely for the determination of equitable rights, and the rights of parties, when brought into court, are to be determined in a civil action. Code Civ. Proc. § 3339. They are all to be tried in one court, and that court is competent to dispose of every right which can be asserted in any action in regard to the subject-matter of that suit. If, therefore, the plaintiff, coming into court to assert its rights with reference to this stock, did not see fit to insist upon damages for the unlawful detention of it, in the action where these damages might have been recovered, it would not have the right to recover them in a subsequent action, and they are lost.

The same question precisely was presented to the supreme court of judicature of England in 1885. Serrao v. Noel, 15 Q. B. Div. 549. In that court an action was brought to recover damages for the detention of certain shares of stock. It appeared on the trial of the action that the plaintiff had delivered the stock to a broker, who unlawfully attempted to transfer it to the defendant. The plaintiff had brought a former action against the defendant and the corporation whose shares were involved, to restrain the transfer of the stock to the name of the defendant, and to require the delivery of the stock to him. No damages were sought for in that action. The plaintiff there recovered a judgment for the delivery of the stock to him. Pending the suit the stock had seriously declined in value, and, after the delivery to the plaintiff, he brought an action against the defendant, as is stated, to recover damages for the unlawful detention. The defendant in the last action pleaded an estoppel by the judgment of the chancery division, by which he was decreed to deliver the stock to the plaintiff, without any judgment for damages. Notwithstanding his plea, which was proved, he was permitted to recover at the trial. So it will be seen that precisely the same question was presented there as is presented here,—whether a judgment of a court of

equity that the defendant had unlawfully retained the possession of stock, and requiring him to deliver it to the plaintiff, was an estoppel in a subsequent action brought by the plaintiff against the same defendant for damages for the retention of the same shares of stock during the time when the right to retain it was in litigation in the equity court. The court of appeal examined the question thoroughly, each of the justices delivering an opinion. It was determined unanimously that the decree of the court of chancery was an estoppel against the plaintiff from insisting in a subsequent action for the recovery of damages which he might have had in his first suit. It was asserted there, as here, that no effort was made to recover damages in that action, to which the answer was that the damages were within the purview of the suit, that the plaintiff might have recovered them, had he seen fit, and, even if the objection was made that his pleadings were not sufficient, he would have been permitted to amend his pleadings, had he made an application to do so. While the case is not a controlling authority here, yet the arguments are cogent, as showing conclusively why the plaintiff cannot be permitted to recover in this action at least for such damages as had accrued because of the retention of the stock down to the time of the rendition of the original judgment, on the 21st of January, 1895.

The judgment in the case of the Mercantile Trust Company, as trustee, against the Atlantic Trust Company, entered on the 21st of January, 1895, constitutes an estoppel against the right of the plaintiff to maintain this action for damages which he suffered by the retention of the stock down to the time of the trial of that action. Neither can he recover damages which may have accrued for the subsequent detention of the stock until April, 1896, if there were any. Three days after the entry of the judgment, on the 21st of January, 1895, the Atlantic Trust Company appealed to the general term; and, upon an affirmance at the general term, it promptly appealed to the court of appeals. It does not appear that any stay of proceedings was granted by the court upon either of those appeals, or that any bond was given to prevent the enforcement of the judgment. There was therefore no reason why the Mercantile Trust Company should not have taken steps to enforce the judgment at any time after it was entered. When the judgment was entered against the Atlantic Company on the 21st of January, 1895, all the rights which the Mercantile Company, or the bondholders for which it was trustee, had under the contract, were merged in the judgment of the court, and the duty of the Atlantic Company was to perform acts which by that judgment it was required to do. For a failure to perform that duty the law gave to the Mercantile Trust Company an ample remedy. Notwithstanding the appeal, if no stay were granted, the Mercantile Trust Company might have demanded the delivery of the stock, and, had it been refused, taken steps to compel it. If it did not see fit to make that demand and take those steps, it has no one to blame but itself. The Atlantic Trust Company, having appealed from the judgment, and insisting that it had been erroneously required to do this act, was not called upon to take any steps by way of performance of the judgment until a demand had been made by its adversary that

it should comply with the order of the court. If that were made and refused, the Atlantic Company was in contempt, and the remedy of the Mercantile Trust Company was to take steps to compel it to perform the duty which the court had directed it to do; and the court, upon ordering the performance of that duty, would have been competent to impose a fine upon the Atlantic Trust Company, such as would have been sufficient to compensate the plaintiff for any damages which it might suffer by reason of the refusal of the defendant to perform the judgment of the court. Code Civ. Proc. §§ 14, 2284. If, however, upon that appeal a stay had been granted to the Atlantic Company, then it would not be a wrongdoer for a refusal to perform the judgment; and it could not be held liable for the depreciation of the property during the time that, by permission of the court, it refrained from delivering it pending the final determination from its appeal. A stay could only be granted in such a case by the order of the court, and upon the making of that order the court had the power to, and undoubtedly would, upon the application of the plaintiff, impose such terms as would completely indemnify the party recovering the judgment from any injury which he might suffer by reason of the delay in its performance, owing to the permission of the court. The rights of the Mercantile Trust Company pending the appeal were therefore perfectly protected by the proceedings which might have been taken in that action, and it was bound to take those proceedings. It could not permit, without objection, a delay in the performance of the judgment, and insist that it was entitled to compensation for that delay in a subsequent action.

For these reasons, we are of the opinion that the former recovery constituted a perfect estoppel against the right of the plaintiff to have damages in this action, and it should have been so held. The judgment and order are therefore reversed, and a new trial ordered, with costs to the appellant to abide the result of the action. All concur.