(38 App. Div. 266.)

WEISER v. KLING et al.

(Supreme Court, Appellate Division, First Department. March 24, 1899.)

1. RES JUDICATA.

A judgment holding a conveyance to be in fraud of creditors, in which fraud the grantee participated, is conclusive against his right against the property for the consideration which he paid the grantor, and the amount which he, while in possession, paid to satisfy a mortgage thereon; and these questions might have been decided in the suit to set aside the conveyance as fraudulent, and it was his duty to ask for such an adjudication.

2. FRAUDULENT CONVEYANCES—RIGHTS OF GRANTEE.

Where a conveyance is set aside as in fraud of creditors, the grantee, who participated in the fraud, has no right against the property, by subrogation or otherwise, for the consideration for the conveyance,—money which he had advanced to the grantor to reduce a mortgage on the property, and which had been so used before the conveyance,—or for money with which he, while in possession of the property, had a mortgage thereon satisfied.

Appeal from special term, New York county.

Action by Joseph Weiser against Philip Kling and another. From a judgment for defendant Kling (53 N. Y. Supp. 578), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Sol M. Stroock, for appellant.
Abram Kling, for respondent.

RUMSEY, J. The facts appearing in this case are somewhat complicated, and, for a correct understanding of the case, it is necessary that they should be carefully recited: On the 5th of April, 1892, one Rebecca Weisel, with others, delivered to one Friend a bond and mortgage to secure the payment of $5,500, of which $1,000 was to have been paid on the 1st day of December, 1892, and a like sum on the same day in each year up to and including 1895, and the remaining $1,500 on the 1st of December, 1896, with interest annually. On the 5th of October, 1895, Mrs. Weisel conveyed the mortgaged premises to the plaintiff in this action. By the deed it was stated that the premises were subject to two mortgages, one of $18,000, and one of $2,500, to which latter amount the Friend mortgage had been then reduced. At the time of this conveyance, Mrs. Weisel was indebted to the defendant Wright in a considerable amount of money, for which he recovered against her a judgment on the 12th of March, 1896. This judgment was duly docketed in New York county, and execution was issued upon it, which was returned unsatisfied; and Wright began a judgment creditor's action against Weiser (this plaintiff) and Mrs. Weisel, in which he recovered a judgment that the conveyance from her to Weiser was made by the said defendants, and each of them, with intent to hinder, delay, and defraud the creditors of Mrs. Weisel. The judgment directed that the premises should be conveyed to a receiver by the defendants in that action, and should be disposed of by him, and the proceeds applied as more particularly stated in the judgment. Whether this direction of the judgment was fully carried out or not does not appear. It does appear, however, that the receiver sold the premises at auction, and conveyed them to the defendant Kling. When sold, they were subject to a mortgage of $18,000. Weiser was in possession of the premises from the date of his deed, in October, 1885, until they were sold by the receiver. While he was in possession, he paid, as he says, to Friend, what was due upon his mortgage, and procured a satisfaction piece thereof, which was executed on the 1st of December, 1896; the last of the payments having been made upon it on that day. After he had been dispossessed from the premises in pursuance of the receiver's deed he brought an action against Friend, alleging that, for certain reasons stated in his complaint, he was entitled to be subrogated in Friend's place as to all the payments made on the $5,500 mortgage, and asking that the satisfaction piece of that mortgage be vacated, and that he be declared to be the assignee of the mortgage. No other person than Friend was made defendant in that action. Friend, having no interest in the matter, made no substantial defense, and Weiser procured the judgment which he asked for. Of that judgment it may be said that, as neither Wright nor Kling were parties to it, it is evidence in this action of nothing but its own rendition; and it is only material as tending to show that by some means Weiser has the title to the mortgage, and that it is not satisfied. It neither establishes, as against the defendants in this action, that Weiser paid any money upon that mortgage, nor that he paid the money in good faith, nor that the mortgage was not properly reduced to $2,500 when Weiser took his con-

57 N.Y.S.—4

veyance, nor that the money paid upon the mortgage before that time was actually advanced by him to Mrs. Weisel. For any other purpose than showing that the mortgage is not in fact extinguished, it is of no importance whatever. After this judgment against Friend had been entered, Weiser brought this action against Wright and Kling to foreclose the Friend mortgage; claiming that there was due upon it all the money which had been paid since it was made. The defendants Kling and Wright answered, disputing the right to foreclose the mortgage, and setting up the judgment in the creditor's suit as a reason why the plaintiff should be defeated in this action. The learned justice at the special term dismissed the complaint, and from the judgment entered upon his decision this appeal is taken.

In the judgment creditor's action, Wright, one of the defendants here, was the plaintiff. Weiser was one of the defendants, and Mrs. Weisel was another. That judgment, therefore, is evidence in this action between the parties as to everything which was decided in it, or whatever fact lay at the basis of the decision, and was necessary to be established in order to warrant the decision therein made. House v. Lockwood, 137 N. Y. 259, 268, 33 N. E. 595. Wright alleged in that case that the conveyance by Mrs. Weisel to Weiser was made with intent to hinder, delay, and defraud her creditors, and especially himself. Weiser, in his answer, denied the fraud, and set up that he was a purchaser for a valuable consideration. To enable Wright to recover in that action, it was not sufficient that he should prove simply that the conveyance was not founded upon a valuable consideration (2 Rev. St. [9th Ed.] p. 1888, § 4), but, if it was voluntary, he was bound to prove, in addition, that, as a matter of fact, it was fraudulent, and made with a fraudulent intent. If, however, it was made to appear that the purchase was for a valuable consideration, then it was necessary for him to prove, not only that the grantor, Mrs. Weisel, made the conveyance with intent to hinder, delay, and defraud her creditors, but that Weisel had previous notice of the fraudulent intent of his grantor. Id. § 5. Unless this fact appeared, it would not have been competent for the court to render a judgment that the conveyance was fraudulent. Therefore the judgment necessarily is a determination that the grantor made it with a fraudulent intent, and that the grantee had notice of that intent,— in other words, that the grantee participated in the fraud.

Weiser claims, as the ground for his subrogation to the rights of Friend in this mortgage, that he paid every dollar of the money which was paid upon it, both before the conveyance was made and afterwards. In his bill of particulars he states that he had paid before the 15th of August, 1895, on account of the principal of this mortgage, $3,700, and on account of interest $675. He alleges in his answer to the creditor's bill that he was a purchaser of the premises for a valuable consideration. He testifies in this case that he received that conveyance of the 5th of October, 1895, for the money which he had let Mrs. Weisel have to pay upon this mortgage. He had previously testified to that fact in supplementary proceedings, and he repeats his testimony in this action. There was no dispute in regard to that matter in this case; and the justice who decided the case finds as a fact

that the consideration for the conveyance of the 5th of October, 1895, was the money paid by Weiser before that time to Friend, the mortgagee, for the benefit of Rebecca Weisel. The judgment in the creditor's action determines nothing contrary to that finding, but it does adjudge, in terms, that Weiser was a party to the intent to hinder, delay, and defraud the creditors of Mrs. Weisel. It must be taken, then, as a fact conclusively proved in this action, that Weiser, the plaintiff here, was a party to the fraud of which Mrs. Weisel was guilty in conveying the premises to him, and that the consideration for the conveyance was the money which Weiser had advanced upon this mortgage for her benefit. It appears that, when that money was advanced, it was received by Friend as a payment upon the mortgage, and was so indorsed, and that the mortgage had been reduced to $2,500. When the conveyance was made on the 5th of October, 1895, it was made subject to this mortgage, then stated to amount to only $2,500. After that conveyance, therefore, the mortgage lien was reduced to $2,500, and was no more. Weiser, the plaintiff here, who had advanced the money to make the payments, had no claim upon the mortgage, because he had taken a deed of the land as payment for the amount of his advances. There was no way, therefore, in which the lien of the mortgage could be said to be more than $2,500; and that was the amount, and the sole amount, which Wright would have been required to pay, had he, as a judgment creditor, desired to pay the mortgage and become subrogated to it,—as he very probably might have done, had the title to the property still remained in Mrs. Weisel.

The judgment creditor's action was brought about the 9th of April, 1896; that being the date on which the complaint was verified. It was tried in February, 1897. At the time of the trial, Weiser, as appears by his bill of particulars, had paid everything that was due upon this mortgage; and the total amount of his payments, principal and interest, was $6,318, of which $3,700 of principal and $675 of interest was the consideration for his conveyance. He did not seek, in the judgment creditor's action, either that the conveyance should be permitted to stand as security for the money advanced by him, or that he should be reimbursed what he had paid while in possession of the premises to satisfy this incumbrance. If he had actually made these payments as a consideration for the conveyance, and had not been actually guilty of the fraudulent intent, the proof of these payments would undoubtedly have required the court either to dismiss the complaint as to him, or if, for any reason, the court had determined that there were suspicious circumstances as to the fairness of the transaction, so that equitably the judgment creditor should have been permitted to have recourse to the property for the payment of his debt, it would have decreed that the conveyance to Weiser should stand as security for the amount of his advances, as was done in Boyd v. Dunlap, 1 Johns. Ch. 478. But if the conveyance was fraudulent, and Weiser was a party to the fraud, he was not entitled to any protection, and the conveyance would be held absolutely void, and would not be permitted to stand as security for any purpose either of indemnity or of reimbursement. Davis v. Leopold, 87 N. Y. 620; Bald-

win v. Short, 125 N. Y. 554, 26 N. E. 928. The same rule applies as to moneys paid upon the incumbrance while he was in possession of the property, claiming to own it under his fraudulent conveyance. Railroad Co. v. Soutter, 13 Wall. 517, 523. This question, however, might have been determined in the action brought by Wright to set aside the conveyance; and Weiser might have litigated there the question whether, as a purchaser in good faith, he was entitled to hold this conveyance either as the absolute owner, free from the lien of the mortgage, or, if not that, yet as an incumbrancer to the amount of the payments which he had made in good faith without intent to defraud. It is a well-settled rule that a judgment between two parties is conclusive, not only as to matters actually determined therein, but as to all matters which might have been determined in the action, as inhering in or growing out of the alleged cause of action. Bracken v. Trust Co., 36 App. Div. 67, 55 N. Y. Supp. 506; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367. All questions as to the right of Weiser to have allowed to him the moneys which he had advanced as a consideration for this conveyance, or as payments made by him in good faith to diminish incumbrances upon the property, might have been decided in that action, if a proper case had been made; and it was his duty to ask for such an adjudication. As he did not ask for it, the judgment there utterly precludes his obtaining it here, and the learned justice was right in so determining.

But if the case were an open one, and the judgment were not a bar in that regard, yet it undoubtedly is a conclusive adjudication that the conveyance by Mrs. Weisel to Weiser was made in fraud of her creditors, and that both grantor and grantee were parties to that fraud. So much is directly adjudged by it. The determination of that fact was absolutely essential to the rendition of the judgment, which without it could not have been made. Weiser, therefore, started, as against these parties, upon the foreclosure of this mortgage with a determination conclusive against him that the conveyance which he received from Mrs. Weisel was fraudulent. He testified on this trial that the consideration for that fraudulent conveyance was the money which he had paid for Mrs. Weisel's benefit to Friend, and which was applied to reduce this mortgage. That fact was found by the justice, and the finding was undoubtedly sustained by the evidence. When he received the conveyance upon such consideration, he ceased to have any claim against Mrs. Weisel for her debt to him, because he had taken the property for that debt. He had no recourse against Wright to have the mortgage declared as a security, because he was a fraudulent participant in the conveyance. When he took the conveyance in payment of his debt, the debt was extinguished; and, unless he can revive it, he cannot have any standing to be subrogated to the amount paid upon the mortgage, because the right to subrogation arises solely out of the fact that some one owes him for the money which he paid to reduce the mortgage. But he cannot revive the debt as against Wright, because the proceeding by which the debt was paid was with intent to defraud Wright, and for that reason the court will not hear Weiser to say that it is valid for the purpose of procuring a lien upon this land. He could not do it in the judgment cred-

itor's suit, nor ought he to be permitted to do it in this suit; for he asks here precisely the same relief as he would have asked there, had he desired the conveyance to stand as security, and he can only obtain that relief through and because of a decision that the conveyance was fraudulent. He asserts that he is the equitable owner of the 'mortgage' because of money which he paid, for the benefit of Mrs. Weisel, to reduce the incumbrance. The defendant answers that that money was paid by a conveyance of the premises, which is a perfect answer. But Weiser replies that the conveyance of the premises was set aside, as to him, because he took it with intent to defraud Wright, and that for that reason the debt should be reinstated. The answer to that is that he can only obtain this relief by showing that he was a fraudulent grantee, and, therefore, that the alleged payment of the debt was in fact no payment. There is thus no way in which this fraudulent grantee can assert his right to this money without showing the fraud which he attempted to commit, and asking to be relieved from a situation into which he was put by his own fraudulent and dishonest act, at the expense of the very persons whom he tried to defraud. In such a case a court of equity will not help him, but will leave him in the situation in which his dishonest act has placed him. 1 Pom. Eq. Jur. § 401.

The judgment of the court below should therefore be affirmed with costs. All concur; INGRAHAM, J., in result.