CONSTANTINO CUCCURULLO, Respondent, *v.* SOCIETA ITALIANA DI MUTUO SOCCORSO DI BROOKLYN, Appellant.

*Membership in a society — judgment directing reinstatement — what is not sufficient proof that such judgment adjudged that the member had been wrongfully expelled from the society.*

In an action in which it was necessary for the plaintiff, in order to recover, to prove that he was a member of the defendant society during the period set forth in the complaint, the plaintiff alleged that he was unlawfully expelled from the society at the beginning of such period and that at the end of such period he recovered a judgment reinstating him in the society. The defendant denied the alleged unlawful expulsion, and the plaintiff, for the purpose of proving the fact of such unlawful expulsion, offered in evidence a copy of the order for judgment in the action brought to compel reinstatement. The order for judgment recited that the issues in the action having come on for trial and the attorneys for the respective parties having stipulated in open court that the plaintiff be reinstated in the defendant society it was accordingly adjudged that the plaintiff be reinstated. No other part of the judgment roll was placed

in evidence, nor was any extrinsic evidence given as to what questions were raised and determined in the former suit.

*Held,* that the evidence did not constitute proof of a former adjudication to the effect that the plaintiff had been wrongfully expelled from the defendant society;

That, in order to determine this question, an inspection of the entire judgment roll would be necessary;

That to make a former judgment upon a question involved in a subsequent suit conclusive evidence as to that question in the subsequent suit, it must be made to appear either by the record in the former case or by extrinsic evidence that the precise question was raised and determined therein.

APPEAL by the defendant, the Societa Italiana di Mutuo Soccorso di Brooklyn, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 25th day of October, 1904, upon the decision of the court.

*Lorenzo Ullo,* for the appellant.

*Thomas Kelby,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff in this action recovered judgment against the defendant corporation for $181, representing expenditures necessarily made by him on account of medical treatment and attendance rendered to members of his family in the period between August 26, 1903, and February 16, 1904. His claim to this amount is based upon the proposition that his membership in the defendant corporation entitled him to have those members of his family who might fall ill treated and attended by a physician in the employment and pay of the defendant. He alleges that he was unlawfully and wrongfully expelled from the society at the beginning of the period mentioned, on or about the 26th day of August, 1903, without any just cause whatever, and that subsequently at the end of said period, on or about the 16th day of February, 1904, in an action brought to compel his reinstatement, he recovered judgment against the defendant reinstating him in good standing in the society, and directing the treasurer thereof to receive his dues then unpaid.

The defendant denied the alleged unlawful expulsion; and, of course, it was necessary for the plaintiff, in order to recover, to prove that he had been unlawfully expelled. The only evidence offered

for this purpose was a copy of the order for judgment in the Supreme Court action by which the plaintiff sought reinstatement. No other part of the judgment roll was put in, nor was there any extrinsic evidence as to what questions were raised and determined in the former suit. The order for judgment to which I have referred recites that the issues in the action having duly come on to be tried before the Hon. WILLIAM J. KELLY, one of the justices of the Supreme Court, without a jury, " and the attorneys for the respective parties having stipulated in open court that the plaintiffs and each of them be reinstated in good standing in said defendant society, without costs to any of the parties as against the others, and the said Justice having directed judgment accordingly," it is ordered, adjudged and decreed that the plaintiffs, including Constantino Cuccurullo, the plaintiff in the present action, be reinstated in good standing in the Societa Italiana di Mutuo Soccorso di Brooklyn, and it is further ordered, adjudged and decreed that the treasurer of said society be directed to receive the dues and taxes of each of the plaintiffs now unpaid. It will be perceived that there is nothing whatever in these statements indicating what was the gist or gravamen of the Supreme Court action, or that Mr. Justice KELLY therein assumed to pass upon any issues raised by the pleadings. The order for judgment merely shows a consent on the part of the defendant to the granting of the relief demanded and the rendition of a judgment based upon that consent. This does not constitute proof of a former adjudication to the effect that this plaintiff had been wrongfully expelled from the defendant society. In order to make the former judgment upon a question directly involved in a suit conclusive evidence as to that question in another suit it must be made to appear, either by the record in the former case or by extrinsic evidence, that the precise question was raised and determined therein. (*Bell* v. *Merrifield*, 109 N. Y. 202.) Even if this order for judgment did not show that the case was disposed of upon the stipulation of counsel, the question whether the adjudication in the Supreme Court action established the wrongful expulsion of the plaintiff could not be disposed of from the order for judgment alone. An inspection of the entire judgment roll would be necessary. (*Converse* v. *Sickles*, 146 N. Y. 200.) A party who relies upon a judgment for proof of a material fact at issue in

an action must show that the question at issue in the pending suit was litigated and determined in the action in which the former judgment was rendered. (*Rudd* v. *Cornell*, 171 N. Y. 114.)

The proof in this case being fatally defective in this respect, the defendant is entitled to a reversal of the judgment.

JENKS, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.