(60 Misc. Rep. 370.)

### SCHMIDT v. WEYELL et al.

(City Court of New York, Trial Term. August, 1908.)

Judgment (§ 590*)—Res Judicata—Splitting Cause of Action.

Where a member of an unincorporated trade union brought an action, alleging his unlawful expulsion and inability to obtain work because thereof, and prayed that he be reinstated and for general relief, and recovered a judgment, with costs, he cannot thereafter maintain another action to recover for damages from such expulsion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1104; Dec. Dig. § 590.*]

Action by George Schmidt against Charles Weyell and others. Verdict for plaintiff set aside. Judgment rendered for defendants.

August P. Wagener, for plaintiff.
Hillquit & Hillquit, for defendants.

GREEN, J. This action is brought to recover damages from the defendant, an unincorporated association and trade union, for the unlawful expulsion of the plaintiff from membership in the said trade union. Before the action at bar was commenced, and in the month of May, 1904, the same plaintiff brought an action in equity against the same defendant in the Supreme Court for reinstatement to membership, in which said action he recovered a judgment against the defendant. The complaint in the said former action alleged the unlawful expulsion, and also that by reason of such expulsion he had been deprived of his membership rights in the defendant union, and had been prevented from obtaining work at his trade, and plaintiff demanded in his said complaint, and prayed for relief, that the

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

suspension be declared null and void, that he be reinstated to membership, and that he have such other and further relief as to the court may seem just. The findings of fact in the said action, duly signed and filed, recite the illegality of the expulsion, and also that such expulsion prevented the plaintiff from obtaining work at his trade. The judgment directs the plaintiff's reinstatement with all "the rights, privileges and benefits he had had in the union at the time of his expulsion," and with costs against the defendant.

In the action now before the court the plaintiff seeks to recover from the defendant the damages which he sustained by reason of his unlawful expulsion, and arising from his inability to obtain work during the period of time covered from his expulsion to his reinstatement, and for the counsel fee paid and necessary to procure his reinstatement in the Supreme Court action. In the action at bar plaintiff proved the former judgment, and the amount of damage he sustained through loss of employment due to his unlawful expulsion, and the amount of counsel fee, all amounting to some $614; and the defendant rested upon plaintiff's case. The court submitted the case to the jury, subject to the opinion of the court under section 1185 of the Code of Civil Procedure, and the jury found for the plaintiff. The defendant now claims that the plaintiff is precluded by the former judgment, and that the said judgment is a bar to the maintenance of the present action, and that the verdict should be set aside and a verdict for the defendant directed.

The Supreme Court, in which the first action was tried, had jurisdiction of all branches of the case, and had power to award to the plaintiff damages for his unlawful expulsion, and it cannot be denied that a court of equity having jurisdiction of the cause of action has power and can give such relief as is necessary to make a complete settlement of the controversy. Smith v. Irvin, 45 Misc. Rep. 262, 92 N. Y. Supp. 170. Counsel for defendant plainly sets forth the exact point in issue under this case, and I adopt his language, in that:

"The only question in this case, therefore, is whether the plaintiff has the right to prove his cause of action in the Supreme Court and to limit himself to only one specific relief to which such cause of action entitles him, and then institute another action upon the same cause, but for an additional and different relief."

An examination of the authorities convinces me that this cannot be permitted. The policy of the law is to avoid a multiplicity of suits, and a person having a cause of action against another is called upon to assert every right which necessarily inheres in or grows out of that action, and in default of which he is thereafter prevented from asserting it. In the case of Bracken v. Atlantic Trust Co., 36 App. Div. 67, 55 N. Y. Supp. 506, the court said:

"But in each action the plaintiff is called upon to assert every right which necessarily inheres in or grows out of the alleged cause of action as a mere increment of it. Big. Estop. (4th Ed.) 159. It is with reference to this principle that the rule applies that the estoppel of a former judgment extends not only to * * * every other matter which, though it may not have been determined, or even considered, was necessarily involved in the thing which was determined."

The court further said:

"The cause of action in the case at bar stands upon facts which existed at the trial of the original action. * * * In the original action the plaintiff might have proved, had he so desired, in addition to the facts it did prove, the depreciation of the stock from the time of the demand to the time of the trial of that action, and, upon proving it, it would have been entitled to damages for such depreciation for the unlawful detention of its property. The right to compensation grew out of the original wrong only. It was a necessary result of it, and therefore inhered in it as an essential part of the right of recovery." Bracken v. Atlantic Trust Co., 36 App. Div. 72, 55 N. Y. Supp. 510.

The original action was in equity, brought by a trustee of mortgage bonds to have judgment declaring that the defendant unlawfully retained possession of certain stock deposited with such defendant to secure mortgage bonds and requiring defendant to deliver the stock to the plaintiff. Judgment accordingly was recovered, and subsequently another action was brought to recover damages for the detention of the stock, and the court held that the plaintiff was not entitled to recover, that the former judgment constituted a perfect estoppel against the plaintiff having his damages, and that, having had the right to enforce them in the first action, and not having availed himself of that right, he was precluded from recovery. Section 3339 of the Code of Civil Procedure provides that there is only one form of civil action. The distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished. In the case of Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663, the court used the following language:

"In order to establish an identity between the causes of action in the two suits, it is not necessary that the claim made in the first action embraced the same items sought to be recovered in the second. It is sufficient, to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first action was founded. The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts and the bringing of separate actions for each; and neither in this way nor by withholding proof of particular items of the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment as a complete adjudication of the entire cause of action be prevented. There can be but one recovery for an injury for a single wrong, however numerous the items of damage may be."

In the case of Hahl v. Sugo, 169 N. Y. 109, 114, 62 N. E. 135, 136, 61 L. R. A. 226, 88 Am. St. Rep. 539, it was held that an action to recover a strip of land upon which the adjoining owner had unlawfully encroached with a brick wall was founded upon a single wrong and created but one cause of action, and that one cannot first bring an action to prove his title and then bring a separate suit in equity to remove the encroachment. The court said:

"The facts alleged show one primary right of the plaintiffs and one wrong done by the defendant, which involves that right. Therefore the plaintiffs have stated but a single cause of action, no matter how many forms and kinds of relief they may be entitled to. The relief prayed for, or to which they may be entitled, is no part of their cause of action. Pomeroy's Code Remedies, § 455."

In the case at bar I am of the opinion that, when the plaintiff failed to demand or prove damages in the action brought for his reinstatement in the Supreme Court, he waived all subsequent rights of action for damages, and that he is precluded from bringing a second action to recover that which he might have litigated in the first and the subject-matter of which the Supreme Court had jurisdiction. I have examined the case of Cuccurullo v. Societa Italiana, 102 App. Div. 276, 92 N. Y. Supp. 420, cited by plaintiff's counsel, and, while that case is on all fours with the case at bar, the material point of res adjudicata was not raised therein, either at the trial or on appeal, and consequently cannot be considered an authority upon a point neither discussed nor decided. The case cited by counsel for defendant (Reilly v. Sicilian Asphalt Pav. Co., 31 App. Div. 302, 52 N. Y. Supp. 817) has been reversed in 170 N. Y. 40, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636.

After carefully examining the judgment roll, the pleadings, the record, and the authorities, I am of the opinion that the verdict herein cannot stand. The verdict having been taken pursuant to section 1185 of the Code of Civil Procedure, subject to the opinion of the court, I do hereby set aside the verdict and direct judgment to be entered for the defendant. The plaintiff may have 10 days' stay, 60 days to make a case after notice of the entry of judgment, and may have an exception, to be taken in the manner provided by section 994 of the Code, pursuant to section 1185 of the Code.