### HORTON v. NEW YORK CENT. & H. R. R. CO.

#### (Circuit Court, N. D. New York. October 22, 1894.)

1. RES JUDICATA—DAMAGES FOR INFRINGEMENT OF A PATENT.
   The owner of a patent obtained a decree for a perpetual injunction against infringement, and was awarded damages and profits for infringements occurring prior to a certain time. *Held*, that he could not maintain a second suit against the same defendant to recover damages and profits arising from other acts of infringement committed during the same period, but of which no evidence was given in the former suit, and no recovery asked.

2. PATENTS — INFRINGEMENT — INJUNCTION — SECOND SUIT AGAINST SAME DEFENDANT.
   Complainant in a bill to recover damages and profits accruing from acts of infringement committed by defendant subsequent to a former decree prayed for an injunction as well as for an account. *Held*, notwithstanding an injunction was unnecessary, that a decree for an injunction as well as for an accounting would be granted.

This was a suit in equity by Cornelius M. Horton against the New York Central & Hudson River Railroad Company, impleaded with the West Shore Railroad Company, for infringement of a patent.

James A. Allen, for complainant.

Frank Hiscock, for defendant.

WALLACE, Circuit Judge. This cause presents the question whether the owner of a patent, who, in a former suit in this court against the defendant, obtained a decree for a perpetual injunction against infringement, and awarding him damages and profits for the infringements occurring prior to January 11, 1892, can maintain a second suit against the same defendant to recover damages and profits arising from other acts of infringement, committed during the same period, but of which no evidence was given in the former suit, and no recovery asked. I am aware of no principle which authorizes a second recovery against the defendant upon such a state of facts. For aught that appears, the complainant deliberately withheld all proof in respect to acts of infringement which he knew the defendant had committed, and in respect to which he might, if he had chosen, have recovered full compensation. His cause of action in the former suit has passed into judgment, and the maxim applies, "Expedit reipublicae ut sit finis litium."

The complainant also seeks to recover damages and profits accruing from acts of infringement committed by the defendant since the rendition of the former decree. In this bill he prays for an injunction as well as for an account. Notwithstanding an injunc-

tion is unnecessary, as the complainant can have recourse to the one he already has to obtain all necessary relief, I think that fact does not deprive him of the right to resort to a court of equity, and obtain the ordinary decree in a patent suit against a defendant who is violating his rights. A decree is ordered for the complainant for an injunction, and for an accounting of damages and profits accruing from the infringements committed since January 11, 1892. There will be a reference to Anson J. Northrup, of the city of Syracuse, as master, to take and report the account.