JOSEPH T. GILBERT v. BOAK FISH COMPANY.[1]

June 6, 1902.

Nos. 13,012—(133).

**Abatement of Nuisance—Res Judicata.**

> The abatement of a nuisance, and recovery of damages predicated thereon and incident thereto, constitute but one cause of action; and, where suit has been brought to abate a nuisance, the judgment entered therein is a bar to a subsequent proceeding for damages based upon the same facts. In such case it is immaterial that no attempt was made to recover damages, or that the pleading in the prior case was insufficient in that respect.

**Same—Injunction.**

> In an action brought to enjoin the continuance of a nuisance caused by keeping a stock of fish in certain premises, judgment was entered abating it, and defendant removed the nuisance within a few days there-

[1] Reported in 90 N. W. 767.

after in pursuance of the judgment, the continued occupancy of the premises after the entry of judgment will not be presumed to be with an intention of constituting a continuation of the annoyance; and damages, if any, connected with such occupancy, were embraced in the judgment.

Action in the district court for Ramsey county to recover $5,000 for damages suffered through maintenance by defendant of a nuisance. From a judgment in favor of defendant upon the pleadings, entered pursuant to an order of Otis, J., plaintiff appealed. Affirmed.

*Clapp & Macartney*, for appellant.

*S. C. Olmstead*, for respondent.

LEWIS, J.

Appellant, proprietor of the Merchants' Hotel, in the city of St. Paul, commenced an action in the district court of Ramsey county in 1900 against the respondent corporation for the purpose of restraining and enjoining it from maintaining the premises adjoining the hotel as a nuisance, which consisted in keeping and storing fish there. The complaint alleged that respondent maintained the nuisance from May 1, 1897, to the commencement of the trial, and damages were demanded in the sum of $5,000. The allegation of the complaint was put in issue by the answer, and the cause was tried, resulting in judgment for appellant, abating the nuisance, and perpetually enjoining and restraining respondent from continuing it; and judgment was also ordered for the sum of $26.94, costs and disbursements, but appellant was not awarded any damages, for the reason that there was not a sufficient pleading of that claim upon which to predicate them. After entry of judgment in that action, the present one was begun for the purpose of recovering $5,000 damages alleged to have been caused appellant on account of the existence of the nuisance for the period of eighteen months prior to the time of its actual abatement, in accordance with the judgment. For answer to this complaint, respondent pleaded the judgment at bar; and the trial court ordered judgment for respondent upon the pleadings, and from that judgment appeal was taken to this court by plaintiff.

It appears from the complaint in this suit that the prior action

was tried at the November, 1900, term of court, and judgment entered on December 15, 1900. The complaint also alleges that, in pursuance of the judgment so entered in the previous cause, the defendant did, on December 31, 1900, remove and abate the complained of nuisance. The simple question before this court is, what was the cause of action before the court at the former trial? Was it simply an abatement of the nuisance, or did it also include the right to recover damages for its maintenance; and in such an action are there two separate and independent causes of action, to which the plaintiff is entitled to two distinct methods of relief, —one, to abate the nuisance; and the other, to recover damages suffered therefrom? If the cause before the court in the preceding action constituted one action, then the present case cannot be sustained.

Appellant bases his argument in support of an independent cause of action for recovery of damages upon the following grounds: First, that it did not appear by the pleadings in the prior action that the amount or character of appellant's damages were then before the court, or that they were or could have been litigated therein, but, on the contrary, that it expressly appears from the record that such damages were entirely excluded; second, that it is not apparent from the pleadings that all of the damages claimed in this case were suffered before April 7, 1900, the time of the commencement of the prior action, and that any damages occasioned thereafter were in no event included in that suit. Appellant seeks to maintain his position by reference to the history and nature of the relief granted in such actions, and argues that, inasmuch as the common law gave to the injured party two methods of relief,—one, in law, for damages, and the other, in equity, for the abatement of the nuisance,—it therefore follows that the injured party is at liberty to follow either one of these courses, without regard to the other. His theory is that, because the aggrieved party may maintain successive actions for damages for the maintenance of a continuing nuisance, it follows that he may maintain one action for the abatement of a nuisance, and another and independent one for damages growing out of the same facts for the same period of time.

We think the question does not depend upon the fact that at common law there existed two distinct remedies,—one in law, and the other in equity. Such remedies may still be enforced under the code, but in the same form of action; and it does not follow that because the code abrogated the distinction, as to the form, between law and equity actions, the facts with reference to which distinct remedies are administered may not constitute one and the same cause of action.

It has become well established by this court that the mere fact that relief might be partly legal and partly equitable is not decisive of the question of whether or not there is one or two causes of action. In the case of First Div. St. Paul & Pac. R. Co. v. Rice, 25 Minn. 278, it was said that the manifest design of the code system of practice was undoubtedly to avoid a multiplicity of suits, by enabling parties to settle and determine in one action all matters of difference between them arising out of and relating to the same transaction. In Thompson v. Myrick, 24 Minn. 4, it was held that, in an action for specific performance, to convey real estate, any claim which the plaintiff may have to compensation on account of defendant's inability to perform his contract pertains to the cause of action, and, whether presented by the pleadings or not, is determined by the judgment. That case was decided upon the principle that, when a plaintiff seeks the aid of the courts to enforce the terms of a contract through its equitable powers, he is bound to submit to the court all the claims for relief which are based upon such contract. In other words, that there was but one cause of action. Specific performance and the damages growing therefrom are simply different grounds of relief, based upon one cause of action.

The trial court applied the reasoning in that case to the one now before us, as follows: "An action for abatement and injunction necessarily includes damages, substantial or nominal, and, if the pleader is entitled to the former, it is for him to frame his complaint accordingly. Failing in this, he waives them, for to permit him to afterwards maintain a separate suit therefor is to permit the splitting up of a cause of action. * * * It

seems to me the case of Thompson v. Myrick, 24 Minn. 4, is very analogous, if not directly in point."

We think the reasoning of that case is decisive of this action, and that the facts set forth in the complaint in the prior action constitute one cause of action, though it embraced two elements: First, the discontinuance of the nuisance; and, second, the damages incident thereto. But it is immaterial whether the plaintiff successfully pleaded damages in that action or not, nor would it make any difference if he had not attempted to recover damages. If the recovery of damages was waived, either purposely or by inadvertence, the result must be the same.

It has been suggested that the present action will lie because an independent action for the recovery of damages may be maintained without regard to the abatement of the nuisance. It is well settled that, where the injury is only of a temporary character, damages are recoverable only up to the date of the institution of the action, and that successive subsequent actions may be maintained for subsequent damages. Brakken v. Minneapolis & St. L. Ry. Co., 29 Minn. 41, 11 N. W. 124; Lamm v. Chicago, St. P., M. & O. Ry. Co., 45 Minn. 71, 47 N. W. 455. But it does not follow that, because damages may be recovered for the maintenance of a continuing nuisance up to a given time, an action could afterwards be maintained to abate the nuisance for the same time upon the same statement of facts covered by the prior action for damages. Separate and independent causes of action for damages resulting from the maintenance of a continuing nuisance, without regard to the abatement thereof, are permitted upon the theory that it will not be presumed that the nuisance would be continued.

Appellant's next point is that damages in the prior case were limited to the time of its commencement, and that such damages as may have accrued subsequent to that date may be recovered in an independent action. As already stated, where a nuisance is continuing in its nature successive subsequent actions for damages may be maintained in each case upon the particular facts alleged in the complaint, and in such causes the damages are necessarily limited to the time set forth in the pleadings. What

may transpire after the commencement of the action is immaterial. Damages can only be predicated upon the facts pleaded. Whether the nuisance will be continued in the future is not the question; but where the action is not brought to recover damages, but for the express purpose of getting rid of the nuisance, then it is proper to receive evidence of the condition and nature of the injury, not only to the time of the commencement of proceedings, but down to and including the time of the trial, in order that the court may have before it all the circumstances, thus enabling it to better pass upon the question before it, viz., whether the nuisance is such that it should be abated. This distinction between the equitable and legal remedies is thoroughly discussed and pointed out in the case of Henderson v. New York, 78 N. Y. 423, and that case is referred to and approved, although distinguished, in Uline v. New York, 101 N. Y. 98, 4 N. E. 536. It was also held in Comminge v. Stevenson, 76 Tex. 642, 13 S. W. 556, that in an action brought to abate a nuisance, all damages sustained down to the time of the trial might be recovered.

In an action brought to enjoin the existence and continuance of a nuisance, the pertinent thing is to get rid of the cause of the injury, and such damages as may exist are merely incident thereto, and are not only recoverable up to the time of the commencement of the action, but down to the time of trial, and a judgment entered in pursuance thereof is conclusive and final. True, it appears that in this case a period of sixteen days elapsed between the date of the entry of judgment, December 15, and December 31, 1900, when respondent moved out of the premises in pursuance of the judgment; and had it appeared that respondent occupied the premises during those sixteen days with an intention and expectation of creating and continuing the nuisance, without regard to the action and judgment entered, that would have constituted a new and distinct offense, and a new and independent cause of action would arise. But as we understand the complaint in the prior action,—and it appears to be conceded,—such occupancy was no more than was necessary to abide by the judgment of the court, and with no intention of continuing the nuisance.

Judgment affirmed.