PANOULIAS et al. v. NATIONAL EQUIPMENT CO.

(District Court, S. D. New York. June 3, 1912.)

PATENTS (§§ 262, 280*)—JUDGMENT (§ 592*)—SUIT FOR INFRINGEMENT—ACCOUNTING—PRIOR JUDGMENT AS BAR.

The owner of a patent may bring either an action at law to recover damages for its infringement or a suit in equity for an injunction, with incidentally a right to an accounting for damages and profits; but he is not entitled to split up his cause of action, and a judgment for damages in an action at law, while conclusive on the parties on the questions of validity and infringement, is a bar to the right to an accounting in a subsequent suit in equity against the same defendant for other sales prior to the commencement of the law action.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 403, 439; Dec. Dig. §§ 262, 280;* Judgment, Cent. Dig. § 1107; Dec. Dig. § 592.*

Accounting by infringer of patent for profits, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.]

In Equity. Suit by Panayiotis Panoulias and another against the National Equipment Company. On final hearing. Decree for complainants.

Ferdinand E. M. Bullowa and Emilie M. Bullowa, for complainants.
Irving M. Obreight (William Quinby and Livingston Gifford, of counsel), for defendant.

HOLT, District Judge. This is a suit in equity, brought to restrain the infringement of a patent and for an accounting. The complainant before this suit brought an action at law against the Confectioners' Machinery & Manufacturing Company for an infringement of the patent in suit, and recovered a verdict of $1, nominal damages. The charge in that action at law was that the complainant had made and sold two machines infringing the patent, called Enrober machines, to one James C. Kuhn. It is admitted that the defendant in this case is the same party as the defendant in the action at law, having changed its name. This suit was brought on for trial before me, and I decided that the defendant was estopped from denying the validity of the patent, or its infringement, by the judgment in the action at law, and that therefore the complainant was entitled to a decree for an injunction.

The complainant claims that, in addition, he is entitled to a decree for a general accounting, in order to recover the damages or profits caused by the defendant's manufacture and sale of Enrober machines other than those sold to Kuhn. The defendant claims that there can be no accounting ordered in respect to the manufacture or sale of Enrober machines before the beginning of the action at law, on the ground that the complainant could not split up his causes of action, and was bound to include in that action all the causes of action that he had for infringement at the time the action at law was begun, and that therefore the judgment in that action is a bar to any accounting in this action in respect to any infringement occurring before the action at law was begun.

The patentee in the case of an infringement has a right to bring either an action at law to recover damages or a suit in equity for an injunction, with incidentally a right to an accounting for damages or profits. But, if either course be adopted, complainant is, in my opinion, not at liberty to split up causes of action for the infringement of the patent which had accrued up to that time against the defendant sued, but is bound to include all such causes of action in the suit, and, if he omits to include existing causes of action in any such suit, the judgment in it is a bar against his maintaining any subsequent action upon the omitted causes of action.

The complainant urges that an infringement of a patent is a tort, and there is authority for that proposition. There is authority, also, for the proposition that an action to recover damages for an infringement of a patent is an action on contract, or quasi contract, based on the rights accruing from the grant of the patent. I do not think that it is necessary to determine what the nature of a cause of action for the infringement of a patent is. A patentee who sues an infringer can recover in one suit, either at law or in equity, for all the damages caused by all or any acts of infringement of which the defendant has

been guilty. Wilder v. McCormick, 2 Blatchf. 31, Fed. Cas. No. 17,-650. But after one judgment has been recovered, he cannot sue the same defendant again for other acts of infringement during the same period. Horton v. N. Y. Cent. & H. R. Co. (C. C.) 63 Fed. 897.

It frequently happens that a defendant is a manufacturer or vendor of an infringing machine or article, and has made or sold hundreds or thousands of them, believing that they do not infringe or that the patent which they are alleged to infringe is invalid. To permit a patentee who has established his patent in a suit for one infringement to go on bringing separate suits against the same defendant for each separate act of infringement would be a gross injustice, and in violation of those fundamental principles of law that it is a matter of public interest that litigation be terminated, and that judgments are, as a general rule, conclusive as to all facts which have been or which might have been litigated between the parties in the original suit.

My conclusion is, therefore, that the complainant is entitled to a decree for a permanent injunction, and for an accounting for any damages caused by any acts of infringement occurring after August 16, 1909, when the action at law was begun, but not for any acts of infringement before that time.