## CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT DEVELOPMENT CO. et al.

(District Court, E. D. New York.   February 18, 1913.)

1. JUDGMENT (§ 599*)—SUIT FOR INFRINGEMENT—PRIOR JUDGMENT AS BAR.

A judgment at law for infringement of a patent is not a bar to a subsequent suit in equity against the same defendant for other acts of infringement committed prior to the commencement of the law action, but not known to complainant at that time, and not included in the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1114; Dec. Dig. § 599.*]

2. JUDGMENT (§ 720*)—SUIT FOR INFRINGEMENT—PRIOR JUDGMENT—RES JUDICATA.

A judgment for plaintiff in an action at law for infringement of a patent is conclusive of the questions of validity of the patent and infringement in a subsequent suit in equity against the same defendant for infringement by devices identical with those involved in the law action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SWITCHING DEVICE.

The Cheatham patents, No. 612,702 and No. 917,541, for switching devices, held valid and infringed.

In Equity.   Suit by the Cheatham Electric Switching Device Company against the Transit Development Company, the Nassau Electric Railroad Company, and the American Automatic Switch Company. On final hearing.   Decree for complainant.

See, also, 203 Fed. 289.

---

O. Ellery Edwards, Jr., of New York City (Owens & Edwards, of New York City, of counsel), for complainant.

Kiddle & Wendell, of New York City (Alfred W. Kiddle and Wylie C. Margeson, both of New York City, of counsel), for defendants.

CHATFIELD, District Judge. The complainant filed a bill in equity on the 14th day of July, 1911, against the Transit Development Company and the Nassau Electric Railroad Company, which had previously been defendants in actions at law brought by the Cheatham · Electric Switching Device Company, as plaintiff.

. These actions at law were instituted upon the 4th day of January, 1910, and charged infringement (by 8 switching devices in the case of the Transit Development Company, and by 6 of the 8 in the case of the Nassau Electric Railroad Company) of two patents, Nos. 612,702 and 917,541, taken out by one Robert V. Cheatham. The American Automatic Switch Company has been removed from this case as party defendant by plea, and we have therefore the same parties as in the action at law. The patents sued on and the claims alleged to be infringed are the same. The devices alleged to infringe are exactly similar, and are of the sort identified in the evidence as "type 14."

The particular devices involved in the present action include the 8 devices proven in the actions at law, and 27 others, the existence and location of which were not discovered until after the actions at law had been instituted, but many of which were known at the time of trial and were specified in an exhibit used in that action. The bill in the present action, as amended, attempted to bring in the American Automatic Switch Company, and also asked for an accounting of all profits from the use of the devices recited, for a writ of injunction against further infringement, and for the delivery and destruction of the infringing devices. As has been said, the American Automatic Switch Company has been removed from the action, and an accounting as to the 8 devices in the previous suits has been had, in the sense that the court instructed the jury that the sum of $68.93 represented, for each device, the profit of the user and the damage of the patentee. This amount was arrived at from the testimony of Mr. Cheatham as to the fixed market price for his device, and the expense of manufacturing and installation. Upon the trial of the present action, the complainant put in evidence the record in the action at law, so as to show that, as between the parties, the question of validity of the patents and infringement had been adjudicated. Substantially no other proof was offered.

The defendants have objected to the introduction of this record, have denied the validity of the patents and infringement, and have offered testimony to support their contention, upon the theory that the issue is not res adjudicata as to them. With respect, therefore, to the 8 devices covered by the judgment in the suit at law, the only difference between the action at law, up to the time of judgment, and the present action, would be that in the action at law a separate cause of action might have been numbered in the complaint for each one of the 8 devices, while in the present action a single cause of action

for infringement would be followed by an accounting and by injunction upon a decree for the complainant.

[1] The defendants allege as a defense that no equitable relief can be had in the form of a decree granting recovery for the profits of the wrongdoer—that is, for the gain of the infringer by the use of the infringing device—if the complainant has already elected to recover damages in an action at law for the same infringement. In Horton v. New York Central & H. R. R. Co. (C. C.) 63 Fed. 897, it was held that a plaintiff could not recover in equity for other acts of infringement committed during the same period, in which a previous equity action had resulted in a decree carrying with it an injunction and damages for the prior infringement. In Panoulias v. National Equipment Co. (D. C.) 198 Fed. 493, the court says that an action for the infringement of patent cannot be split into an action at law and a suit in equity, but that, if either be instituted, it must be made to include all causes of action which are accrued up to the time of beginning the action. In this case the court gave a decree in equity for an accounting and an injunction for acts subsequent to the time of beginning the action at law.

Aside from the question of surprise, there would seem to be no difficulty in including in the proof in such an action any acts from which damage flowed up to the time of trial, and, if that had been done, then the scope of an action in equity would be still further limited. But the principle upon which the case is decided seems to be one of public policy, merely disapproving of allowing two actions to stand with respect to a set of transactions covering the same period. And there would seem to be no more reason why causes of action, discovered subsequently to the institution of the first action, should not be included in the second (on the theory upon which a new trial may be asked upon newly discovered evidence) than there would be why all causes of action up to the time of trial should be disposed of in the first litigation. At the outset, therefore, the court is unwilling to hold that the complainant may not maintain the present action with respect to the 27 devices which were not mentioned in the first suit.

As to the other 8 devices, and even as to the 27 above referred to, the complainant relies upon the case of Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, in asking for an accounting of profits rather than a decree for a recovery of the specific amounts found as the measure of damage in the action at law. It would seem that the complainant, if it be entitled to any recovery, is entitled to an injunction with respect to all the devices referred to, and that, if necessary, an accounting may be ordered as to any item not covered by the former judgment. Whether the rule of damage found in the action at law can be shown to be inadequate, and whether any method of computation of the profits (from a single switch point in an intricate railroad system, or the saving of a switch tender, or the time of the motorman who would have to open the switch by hand) can be worked out, need not concern us at the present time. That is a matter for the special master if an accounting be ordered. The principal question and the only one as to which much difficulty is experienced is that of

the application of the doctrine of res adjudicata with respect to the complainant's right to recover as to the 27 devices referred to. As has been said, the patents and parties are the same, and the claims relied upon are exactly the same. The plaintiff has recovered upon a finding by the jury that infringement existed of at least one of the claims upon which the complainant is now asking recovery. The jury has determined as between the present parties, and with respect to the same claims of these patents, that a valid claim, for the purpose of recovery upon the charge of infringement by the device known as type No. 14, upon exactly the same issue, was shown.

[2] The defendants have cited such cases as De Sollar v. Hanscome, 158 U. S. 216, 15 Sup. Ct. 816, 39 L. Ed. 956, Northern Pac. R. Co. v. Slaght, 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 738, Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195, Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, with other cases of similar purport, to prove that estoppel can be invoked under the doctrine of res adjudicata, only where the point or question at issue has been actually litigated and determined, and where the record shows conclusively and definitely as to what was litigated and determined, as opposed to any attempt to enforce an estoppel as to everything which might have been adjudicated. But in such an instance as the present case the right to recover does not depend upon whether every issue might be determined in the complainant's favor. Nor does the right of the complainant to a decree depend upon a determination with respect to any particular claim of those contained in the suit. As was charged in the action at law, if any claim of those presented was found valid, and if there is infringement, the complainant is entitled to a decree. The action at law determined, as between these parties and with respect to these particular patents, that a cause of action did exist upon some claim of the patent; that is, that some claim was valid and infringed, and because of that adjudicated right to judgment the court of equity must conclude that the complainant's right to a judgment has been litigated on precisely the same questions presented and between precisely the same parties, and in such a way that the right to recovery is res adjudicata. The complainant, therefore, should have a decree carrying with it an injunction and an accounting if desired, with respect to the 27 devices not included in the former action. The injunction will include use of the 8 devices for which the judgment at law has already been recovered, but there can be no additional decree for profits as to these devices through the guise of an action in equity. The testimony shows no use not covered by the judgment at law, and the doctrine of election as set forth in the Panoulias Case, supra, will control.