HENRY P. TOWNSLEY, Appellant, *v.* NIAGARA LIFE INSURANCE COMPANY, Respondent.

Contract — construction of contract for payment of commissions for services of general agent for life insurance company — when substituted contract does not prevent agent from receiving commissions on renewal premiums — when judgment for breach of second contract does not bar action for commissions due under first contract.

Under a contract by which plaintiff was employed as a managing agent to solicit business for defendant, plaintiff was entitled at the end of each year to commissions on renewals during the term therein provided for, based on the business obtained by him then in force. Later a new contract was made which provided in substance that all business up to and including a fixed date should be subject to the terms of the first contract and that all sums of money due or to grow due to plaintiff thereunder should be paid him as therein provided, and that all new business written thereafter should be under the terms and conditions of the new contract. Plaintiff continued to perform his duties under the second contract until he was discharged. He then brought an action against defendant to recover damages for a wrongful discharge and recovered a judgment therefor, which has been paid. Thereafter he began this action to recover on renewals of policies which had been written under the first contract based on the insurance in force at the end of each year during its continuance. *Held*, that since by the second contract it was expressly stipulated that the old business should be governed by and subject to the terms of the first contract, plain-

tiff's wrongful discharge did not affect his right to compensation under the first agreement. His right to sue for the commissions due and payable thereunder is independent of the right to sue for the breach of the second contract. As it does not appear that plaintiff litigated the issue in this action in the former action, and as he was not bound to do so, this action is not barred by the judgment in the former action.

*Townsley* v. *Niagara Life Ins. Co.*, 160 App. Div. 177, reversed.

(Argued March 7, 1916; decided May 9, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 12, 1914, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry N. Selvage* for appellant. The recovery and payment of the judgment of 1903 is not a bar to this action. (*Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392; *H. M. L. Ins. Soc.* v. *Brincker*, 77 N. Y. 435; *Perry* v. *Dickerson*, 85 N. Y. 345; *Howard* v. *Daly*, 61 N. Y. 362; *Milage* v. *Woodward*, 186 N. Y. 252; *Carlton* v. *Albert*, 117 App. Div. 836; *La Haye* v. *Borated Specialty Co.*, 61 Misc. Rep. 509; *Townsley* v. *B. L. Ins. Co.*, 56 App. Div. 232; *Griffen* v. *Keese*, 187 N. Y. 454; *Rudd* v. *Cornell*, 171 N. Y. 114; *King* v. *Doerr*, 145 App. Div. 177.) The contract of 1893 was not merged in the contract of 1896, and there was no novation. (*Held* v. *Caldwell-Easton Co.*, 97 App. Div. 301; *Inman* v. *Burt Co.*, 124 App. Div. 73; *Izzo* v. *Ludington*, 79 App. Div. 272.)

*Gilbert E. Roe* and *C. D. Coyle* for respondent. The contract of 1893 was merged in the contract of 1896, and plaintiff could not sue on the former and recover under the latter. (*Crimmins* v. *Carlyle Realty Co.*, 132 App. Div. 664; Clark on Contracts [2d ed.], 420; Bishop on Contracts, §§ 764, 768, 769; *Fullager* v. *Reville*, 3 Hun, 600; *Housekeeper Publishing Co.* v. *Swift*, 97 Fed. Rep.

290; *Brightson* v. *Claflin Co.*, 180 N. Y. 76; *Walrath* v. *Hanover Fire Ins. Co.*, 216 N. Y. 220.) The judgment of 1903 is a bar to the present action. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Pakas* v. *Hollingshead*, 184 N. Y. 211; *Colburn* v. *Woodworth*, 31 Barb. 381; *Waldron* v. *Hendrickson*, 40 App. Div. 7; *Wieland* v. *Willcox*, 40 App. Div. 213; *Perry* v. *Dickersor*, 85 N. Y. 345; *Howard* v. *Daly*, 61 N. Y. 362; *Solomon* v. *Vallette*, 152 N. Y. 147; *Cottone* v. *Murray's*, 138 App. Div. 874; *Davis* v. *Dodge*, 126 App. Div. 469; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205.)

Pound, J. The question is whether this action is barred by a former judgment. The defendant was originally the Bank Clerks' Mutual Benefit Association of the City of New York. In June, 1894, its name was changed to Bankers' Life Insurance Company of the City of New York, and in September, 1911, its name was again changed to Niagara Life Insurance Company. The action is brought to recover a percentage of renewal premiums on life insurance policies issued by the defendant under the management of the plaintiff and is based on a contract dated July 20, 1893, between the Bank Clerks' Mutual Benefit Association and the plaintiff whereby plaintiff was employed as general manager to solicit new insurance "during the faithful performance of his duties * * * unless sooner terminated by mutual consent." He was entitled to commissions on renewals on the 31st of December in each year while the contract was in force based on the business obtained by him then in force. It was further provided that "should this contract be terminated otherwise than by mutual consent, then the renewal commissions aforesaid on all the insurance established at the date of said termination shall be payable as aforesaid * * * during the next ten years following said termination, at which time all his interest therein shall cease."

On August 20, 1896, the board of directors of the Bankers' Life Insurance Company passed a resolution purporting to abrogate and cancel this contract on the ground that plaintiff had unreasonably absented himself from duty without leave.   A dispute arose between the parties as to the rights of the company to terminate the contract and they made a new contract on October 1, 1896, continuing plaintiff's employment on different terms.   This agreement recites that the company claimed to annul the former contract and that plaintiff insisted that their action in that respect was inoperative and then provides among other things as follows:

"That all business done by the company, and all insurance written by it up to and including September 30, 1896, shall be governed by and subject to the terms of the said contract of July 20, 1893, and that all sums of money due or to grow due to said Townsley under said contract of July 20, 1893, shall be paid to him or his legal representatives in all respects as in said contract provided, and that the said contract, except as to the business done thereunder as aforesaid, and except as to deferred first year's premiums, and except as to renewals written up to and including September 30, 1896, is wholly canceled."

" All *new business written from and after October 1, 1896,* shall be under the terms and conditions of the present contract."   The second contract provides for renewal commissions on all insurance renewed during its term, not to be paid, however, after the first ten years of the life of each policy, and by its terms is to continue for ten years from its date unless sooner terminated by mutual consent. The words "except as to renewals written up to and including September 30, 1896," mean clearly that renewal commissions on insurance established at the termination of the old contract shall be payable as provided thereby for ten years from September 30, 1896, and not as provided by the new contract for the first ten years of the life of each policy.

Plaintiff continued to perform his duties under the new contract until March 26, 1897, when he was discharged. On April 22, 1897, he brought an action against defendant to recover damages for a wrongful discharge, and on June 9, 1903, he recovered judgment therein for $10,821, which has been paid.   This action was brought on December 29, 1910, to recover on the first contract for commissions for the years 1903-4-5-6, on renewals of policies, which had been written up to and including September 30, 1896, based on the insurance which was still in force at the end of each year respectively.   The courts below have held that the judgment in the first action was a bar to this action; that the contract of 1893 was entirely abrogated; that the only right of plaintiff was to recover under the contract of 1896 damages for the abrogation of that contract; that he has recovered such damages, and, therefore, he cannot recover in this action.

The rule against splitting causes of action has become familiar by reiteration.   " The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each; and neither in this way nor by withholding proof of particular items on the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be   *   *   *   but one action for a single breach of a contract." (*Perry* v. *Dickerson,* 85 N. Y. 345, 347.) While it is not always easy to determine what is a single demand, and the question is often a puzzling one under the authorities, the answer in this case seems reasonably plain.   By the terms of the contract of 1896 the contract of 1893 remained in force by agreement of parties as to commissions on all business written by the company up to and including September 30, 1896.   The first contract was, therefore, never terminated by mutual consent as to renewal commissions on business written prior to

that date.   On the contrary, it was expressly stipulated that the old business should be governed by, and subject to, the old contract, and that the new business only should be under the terms and conditions of the new contract.   Only as to the future business was the old contract canceled.   Plaintiff had nothing more to do when the contract of 1896 was written in order to earn the commissions on the renewal premiums or policies written prior to that date.   He had merely to await the 31st day of December in each year, and compute his commissions on the old business then in force.   His stipulations had been completed under the old contract when the new contract was made.   He had brought in the business and earned his compensation which was payable annually thereafter when thus computed.   His wrongful discharge did not affect his rights to such compensation.   The right to sue for commissions actually earned and due by the terms of the contract of 1893 was independent of the right to sue for breach of the contract of 1896.   (*Howard* v. *Daly,* 61 N. Y. 362, 369, 370; *Milage* v. *Woodward,* 186 N. Y. 252, 253, 254.)   A recovery on one demand would not bar a recovery on the other.   " The amount of wages earned and due, are in no sense a part of the damages resulting from the wrongful dismissal." (*Perry* v. *Dickerson, supra.*)   There was no splitting of a single cause of action.   Each claim was single, entire and indivisible. (*Kennedy* v. *City of New York,* 196 N. Y. 19; *Cook* v. *Conners,* 215 N. Y. 175.)

The burden of showing clearly that this cause of action was litigated and determined in the former action was upon defendant (*Griffen* v. *Keese,* 187 N. Y. 454; *Rudd* v. *Cornell,* 171 N. Y. 114), and it has not sustained the burden.   It has wholly failed to prove that the question in this case — *i. e.,* the defendant's liability as to all insurance written by it up to and including September 30, 1896 — was material and necessary to the decision in the former case and was actually decided therein and included

in and made a part of the final judgment. (*Cromwell* v. *County of Sac*, 94 U. S. 351.) On the contrary, on an appeal from the judgment in the former case (*Townsley* v. *Bankers' Life Ins. Co.*, 56 App. Div. 232, 234), the court says: " This action was brought to recover the damages sustained by the plaintiff in consequence of the abrogation of the contract (dated October 1, 1896) by the defendant." The abrogation of that contract did not terminate plaintiff's right to renewal commissions. · As it does not appear that plaintiff did litigate the issue in this action in the former action, and as he was not bound to do so, this action is not barred by the judgment in the former action.

The judgment and order should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK and COLLIN, JJ., concur; CHASE, CUDDEBACK and CARDOZO, JJ., dissent.

Judgment reversed, etc.