CITY OF ADA v. JOHN L. MELBERG.[1]

December 15, 1916.

Nos. 20,013 — (104).

**Nuisance — measure of damages — new trial granted for error in charge.**
    The trial court correctly granted a new trial on the ground that error had been committed in instructing the jury as to the measure of damages, and in the admission of evidence with reference to damages, to appellant's land. To determine the permanent character of an injury

[1]Reported in 160 N. W. 257.

Note.—Upon the question of measure of damages for breach of duty of municipality with respect to drains and sewers, see note in 61 L.R.A. 712.

For authorities on the question of measure of damages recoverable from municipal corporation from overflow from defective sewer or street, see note in 29 L.R.A.(N.S.) 861.

to real estate, the test is "whether the whole injury originates from the original wrongful act or from the wrongful continuance of the state of facts produced by such act."

Action in the district court for Norman county to restrain defendant from constructing a dam or obstruction on his land within the banks of the Marsh river so as to obstruct the free flow of water therein and the use of the bed of the river by plaintiff as an outlet for the city sewers. In his answer defendant alleged that plaintiff permitted its sewage to find its way into the channel of that river, which is entirely dry except in the early spring; that the sewage became stagnant and emitted poisonous odors, thereby creating a nuisance and making defendant's land extremely unhealthy for himself and his family, and demanded judgment for $1,500 damages and that plaintiff be restrained from conveying its sewage upon his land. The case was tried before Grindeland, J., and a jury which returned a verdict for $1,000 in favor of defendant. From an order granting a new trial, defendant appealed. Affirmed.

*Christian G. Dosland* and *Victor Oleson,* for appellant.

*M. A. Brattland, W. F. Andrews* and *Charles Loring,* for respondent.

SCHALLER, J.

During the year 1897, the city of Ada constructed a sewer system with branches extending over the city, and provided for connection with public and private buildings and for outlets for sewage and surface water. Public buildings and the houses of a large number of the residents of the city are connected with the system, which is a great convenience and was instituted for the health, comfort and welfare of the city and of its inhabitants.

The sewer outlet is the Marsh river, a well-defined watercourse, passing through the city of Ada, thence through intervening lands down to and across the land of appellant, on which it curves in a bow or horseshoe, so that nearly three-quarters of a mile of the watercourse is on his land. The point where the Marsh river crosses the appellant's boundary line is nearly a mile below the outlet of the sewer.

The Marsh river, in the spring and at times of flood and heavy rains, is a flowing stream. At other times, its bed is practically dry, except

where pools of water have remained in depressions therein. Several of these pools are located on appellant's land. The city of Ada has caused a flow of water in the Marsh river by providing the sewer system with water from artesian wells and from Long lake, a body of water situated to the north of Ada, and by occasionally flushing the sewers. A settling tank is installed near the outlet of the sewer system.

By reason of the use of the sewer system and the flow from the artesian wells and from Long lake, a constant but varying stream of water from the sewer sluggishly flows along the bed of the watercourse, which broadens out somewhat in several places on appellant's land. Appellant threatened to place a dam across the Marsh river at the point where it enters his land, whereupon respondent brought an action to enjoin him. A temporary injunction was issued, which is still in effect.

Appellant, answering the complaint in the injunction proceeding, alleged that the respondent had created a nuisance upon his land by reason of the flow of sewage thereon along the course of the Marsh river, by reason of the pools that it formed on his land, and by reason of the unhealthful odors and the sewage deposits on his land. The answer demanded damages for injury to the health of appellant and his family, for the injury to his land and to his stock and poultry, all of which, he claimed, was caused by the sewage deposited on and flowing through his land, and prayed for an injunction abating the nuisance.

The appellant on the trial disclaimed any intention of building or maintaining the dam, and waived his demand for relief by injunction to abate the nuisance. He took the affirmative of the issue, and the action was tried as an action for damages for injuries caused by the city by maintaining a nuisance. It was agreed on the trial that the damages should be limited to discomfort and annoyance which the nuisance had caused to appellant and his family, injury to the land and to appellant's personal property. Appellant stated: "We are not trying to prevent the city from maintaining the sewer there because it would have very serious results; but we do insist upon being paid for the damage done." The court then asked: "And that is from the first of January, 1912, to the present time?"; to which appellant answered that it was. The issues were whether respondent was maintaining a nuisance and, if so, in what amount was appellant damaged by reason of the injury, dis-

comfort and annoyance which the nuisance caused to himself and to his family, to his land and his personal property from the first day of January, 1912, to the date of the trial, November 11, 1915.

The court instructed the jury that they might assess the damages to the appellant by reason of injury to his land, and that the measure of damages was the difference between the value of the land with the sewer on it and the value thereof without the sewer. The jury found for appellant. Respondent moved for a new trial, which was granted on the ground "that the court erred in instructing the jury upon the question as to the measure of damages and in the admission of evidence with reference to damages." This appeal is taken from the order granting a new trial.

The only question presented on this appeal is whether or not the court laid down the correct rule of damages. The trial court evidently submitted the case to the jury on the theory that the noxious odors, the noisome deposits and the flow of tainted water from the sewer would continue permanently and thus constitute a permanent injury to the land, leaving out of consideration appellant's right to cause the nuisance to be abated by injunction. Examination of the record leads us to the conclusion that this is a continuing nuisance, and that the learned trial court properly granted a new trial. It will not be presumed that the nuisance will be continued, or that the municipality will make no effort to abate it. Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, 8 Am. St. 656; Gilbert v. Boak Fish Co. 86 Minn. 365, 90 N. W. 767, 58 L.R.A. 735. It is very probable that this will be done. The attitude of the city officials at the trial justifies us in this assumption.

We cannot treat this action as in the nature of an assessment for damages in a condemnation proceeding. It was not such a case, and nowhere in the record is the suggestion made that a verdict rendered in this action would give to the city of Ada any greater rights in appellant's land than it had before the action was brought. The case has resolved itself into an action for damages for the maintaining of a nuisance, and we may not, especially in the absence of statutory authority, convert it into a condemnation proceeding.

That the action was begun by the respondent as an equitable action for an injunction, and that the appellant in his answer sought equitable

relief, have no material weight here. We have to do with substance rather than with form. The remedy sought was merely pecuniary compensation for injuries to the appellant and his family, his personal property and his land, between the first day of January, 1912, and the date of the trial. Nothing further was demanded, and, as we have already said, it is not to be presumed that the nuisance will be continued.

It is urged that the structures and the sewer system being permanent, the injuries to appellant's land must necessarily be permanent. But the test whether an injury to real estate is permanent is not necessarily the permanent character of the structure causing the injury, but "whether the whole injury results from the original wrongful act, or from the wrongful continuance of the state of facts produced by such act." Bowers v. Mississippi & R. R. Boom Co. 78 Minn. 398, 81 N. W. 208, 79 Am. St. 395; Heath v. Minneapolis, St. P. & S. S. M. Ry. Co. 126 Minn. 470, 474; 148 N. W. 311.

The other points so ably discussed on the argument and in the briefs, and the authorities cited, have been duly examined, but in view of our determination of the really decisive question in the case, we deem it unnecessary to advert to them.

Order affirmed.