FREDERICO ZUNINO, Respondent, *v.* PARODI CIGAR CO., INC., Appellant.

First Department, February 21, 1919.

**Master and servant — action to recover wages under contract of employment and damages for wrongful discharge — defense — counterclaim — neglect of duties, immoral conduct, incompetence — evidence.**

In an action to recover money actually earned under a written contract of employment and damages for wrongful discharge, the defendant alleged as a defense and by way of counterclaim that it rightfully discharged the plaintiff for neglect of his duties and for immoral conduct in the course of his employment and for incompetence and negligence. Evidence examined, and

*Held,* sufficient to establish that the defendant was justified in discharging the plaintiff upon the ground of incompetence, and also that defendant was actually damaged;

That, as the case was submitted, the jury was warranted in finding that the plaintiff even if properly discharged was entitled to compensation earned prior thereto and in deducting from said amount such damages as defendant proved under its counterclaim.

LAUGHLIN, J., dissented.

APPEAL by the defendant, Parodi Cigar Co., Inc., from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 30th day of October, 1918, setting aside the verdict of a jury in plaintiff's favor for $500 on the ground that the amount was for insufficient damages and was rendered, according to the view of the trial justice, under a misapprehension of the facts and the law as charged.

*Samuel F. Frank,* for the appellant.

*John B. Doyle,* for the respondent.

SHEARN, J.:

The action was brought to recover $1,000 actually earned under a contract of employment and $20,000 damages for wrongful discharge. The plaintiff's contract was in writing and under it he was employed as the superintendent of a cigar factory about to be established by the defendant for a term of five years from January 1, 1915. Under the contract the plaintiff was to receive and was actually paid $1,000 on its signing; was to receive $50 a week thereafter and " If and when said employer shall have for two months made general sale and delivery of goods prepared in the factory of said employer which is about to be erected by it, and said sale and delivery have proven to be regular and continued, said employer shall pay to said superintendent an additional sum of one thousand dollars." The defendant set up that it rightfully discharged the plaintiff for immoral conduct in the course of his employment which injuriously affected defendant's interests, and also, as a defense and by way of counterclaim, that plaintiff negligently performed his duties to the defendant's damage in the sum of $10,000. Plaintiff's discharge took place on February 24, 1917, up to which time he had been regularly paid his salary of $50 a week. The issues chiefly litigated involved defendant's three claims (1) that plaintiff was habitually late in getting to work and generally disobedient and inattentive to his duties; (2) that plaintiff misconducted himself with one of the women employees, which was detrimental to defendant's business, where more than fifty young girls were employed; and (3) that by reason of plaintiff's incompetence and inattention to his duties and his failure to observe recognized methods in fermenting tobacco leaves, over twenty per cent of defendant's output was unfit for use and was returned and left on defendant's hands. Upon the first two issues the defendant's evidence is not very persuasive. Taking into consideration the fact that plaintiff was continued in defendant's employ for over two years, not much weight can be attached to his reporting

late and being generally inattentive to his duties. The claim that plaintiff was misconducting himself with one of the employees has the appearance of a pretext on the part of the defendant. But on the issue of plaintiff's incompetence and his failure to turn out a salable product, the defendant's evidence is very strong. Plaintiff admits that on one occasion he took the entire responsibility for the bad results, but on the trial he attributed it to improper construction and arrangement of the drying rooms and to the lack of skill of the employees who rolled the cigars. In my opinion, the evidence fully warranted a finding by the jury that the defendant was justified in discharging the plaintiff upon this ground; also that the defendant was actually damaged. Furthermore, I think that the verdict imports that the jury did so find. In setting aside the verdict the learned trial justice was evidently of the opinion that as there was a verdict for the plaintiff it necessarily followed that the jury had found that plaintiff's discharge was wrongful. But even if this were so it would not justify setting aside the verdict, because the jury might have found that the defendant's damages through plaintiff's incompetence offset plaintiff's damages through his discharge to within $500. Plaintiff endeavors to meet this situation in two ways. It is first contended that if justification for the discharge was established, the jury would not have been warranted in finding for the plaintiff in any amount. (Citing *Turner* v. *Kouwenhoven,* 100 N. Y. 115.) But the law of the case, as charged at the request of plaintiff's counsel, was that the jury might in any event award plaintiff the sum of $1,000 actually earned long prior to the discharge. If wrongfully discharged, the plaintiff was entitled to recover not only damages but compensation earned for past services. (*Townsley* v. *Niagara Life Insurance Co.,* 218 N. Y. 228; *Howard* v. *Daly,* 61 id. 362.) It is next contended that under the law of the case, as charged, the jury could not have offset defendant's damages, proved under the counterclaim. This is because he declined to charge " in the language of the request " that " if the jury find that the defendant sustained any damage the jury may offset that and apply it in reduction of any damages to which the plaintiff may be entitled." It was not the substance, but merely the language of the request, to which the

court objected. The court had already submitted to the jury defendant's counterclaim for $5,470 damages, based upon plaintiff's incompetent and negligent performance of his duties as superintendent. Accordingly, as the case was submitted, the jury was warranted in finding that the plaintiff, even if properly discharged, was entitled to $1,000 for compensation earned prior thereto, and in deducting from this such damages as defendant proved under its counterclaim. This is evidently what the jury did, finding that plaintiff was justifiably discharged for incompetence and that his incompetence and neglect damaged the defendant in the sum of $500. This result was fairly warranted by the evidence. The whole controversy between the plaintiff and his employer was thoroughly tried out, and the plaintiff had the benefit of a charge which was as favorable as it could be, consistent with fairness. I think that the jury's verdict was a sensible and just one and that it should be reinstated.

The order should be reversed, with costs, and the jury's verdict reinstated.

CLARKE, P. J., PAGE and MERRELL, JJ., concurred; LAUGHLIN, J., dissented and voted for affirmance.

Order reversed, with costs, motion denied and verdict reinstated and judgment ordered to be entered thereon, with costs to defendant.