### SKLARSKY v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

District Court, S. D. New York.
Feb. 10, 1931.

Lewis Steinfeld, of New York City, for plaintiff.

Charles H. O'Connor, of New York City (Michael J. O'Neill, of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

The motion to remand is denied. Furthermore, as it appears on the face of the papers before me that the plaintiff has exhausted the remedies which he may have had against the removing defendant for the wrong alleged, I give summary judgment to the removing defendant, dismissing the complaint with costs.

As this disposes of all aspects of the case involving federal jurisdiction, I remand the remaining part of this controversy to the New York Supreme Court for Bronx County.

I. I have before me on this motion the following papers:

(1) The notice of motion for remand of this case with an accompanying affidavit from the plaintiff.

(2) An answering affidavit by Michael J. O'Neill, one of the members of the office staff of the attorney for the defendant.

(3) The removal papers.

(4) The summons and complaint.

(5) The answer thereto of the Great Atlantic & Pacific Tea Company, hereinafter called the tea company, incorporated by reference in the affidavit of O'Neill.

A most casual glance at these papers indicates that there is much more before me than is usually expectable on a motion to remand, but, as the moving party, the plaintiff, has raised issues by his affidavit, the defendant may reply thereto, and it is by way of reply that the defendant's answer comes before me.

The affidavits of both parties present the unusual and inappropriate characteristic that they contain legal arguments and citations of authorities. Being sworn to, I should be able safely to assume that these arguments are supported by the authorities cited, but I do not find this to be entirely true.

II. From this wealth of papers emerge the following propositions, apparently without challenge:

(1) That on October 10, 1927, the Einhorn & Singer Development Corporation leased to the plaintiff, an operator of a public market for meats, fish, green and other

groceries, two shops, known as Stores 9 and 10 at 1577–A Westchester avenue, in the borough of the Bronx.

(2) That contained in this lease was the following restrictive covenant as paragraph 26 thereof: "It is understood and agreed that the landlord will not rent any of the stores on the said premises for the following line of business consisting of a Fruit and Vegetable store, dairy products, butcher or raw fish store."

(3) That a lease of space near plaintiff's market and in the same building was made on November 11, 1927, to the tea company, which dealt in the commodities precluded by clause 26 just quoted.

(4) That the tea company knew of the restrictive covenant contained in clause 26 of the plaintiff's lease before renting its own space, and thereafter damaged plaintiff's trade by its competition.

(5) That plaintiff sued the tea company in the New York Supreme Court for Bronx County for an injunction against the continuance of this competition, and that this suit, tried before Mr. Justice Mullan, resulted, on July 26, 1930, in a final injunction against the tea company, which thereupon vacated the shop adjacent to the plaintiff's market and opened up elsewhere further down the street.

(6) That the plaintiff then brought an action against the tea company for $50,000 for damages claimed to have been suffered because plaintiff took the aforesaid lease from the Einhorn Development Corporation.

(7) The tea company was named as sole defendant in this action, and the allegations of the complaint were practically identic with the allegations of the plaintiff's earlier equity action.

(8) That the said action was removed by the tea company to this Court on the ground of diversity of citizenship, but was subsequently discontinued by the plaintiff.

(9) That thereafter the plaintiff started the present action—making again allegations practically identic with those of his equity suit and annexing the findings therein to his complaint—against the defendant Great Atlantic & Pacific Tea Company, naming as codefendants the Einhorn & Singer Development Corporation and its president, Isaac Einhorn.

(10) That in this action, in which the complaint contains somewhat intertwined allegations against all three defendants, the plaintiff may fairly be said to have stated a cause of action against the Einhorn & Singer Development Corporation in contract, and, apparently, an action in tort for inducing a breach of contract against the tea company, but not to have stated any cause of action of any kind against Isaac Einhorn, the individual defendant.

(11) That the tea company, a New Jersey corporation, duly removed this case on the ground that it alleged a separable cause of action against that company and that the plaintiff was a citizen and resident of New York State.

(12) That findings of fact and conclusions of law in the injunction suit above mentioned are annexed to the complaint and admitted in the answer.

III. The reasons for thus denying the motion to remand are perhaps sufficiently indicated by my opinion in Genuine Panama Hat Works, Inc., v. Webb et al., 36 F.(2d) 265, where I expressed my views on practically all the questions which arise herein in connection with that motion.

I pointed out there that on a motion to remand the federal court has a right to look at the real situation as between the parties in spite of any allegations by the plaintiff as to liabilities which cannot be supported by the underlying facts, for otherwise the right of removal of a case to the federal court might be blocked by wholly unfounded allegations made by the plaintiff. Cf. Scherrer v. Foster (D. C.) 5 F.(2d) 236, 237; Gustafson v. Chicago, R. I. & P. Ry. Co. (C. C.) 128 F. 85, 88.

The only duty which the Einhorn Company owed plaintiff, so far as the present situation is concerned, was not to lease other parts of its building to competing firms. This obviously was a duty which could only arise from a contract not to make such leases. Therefore, as liability can only be founded on a breach of some duty, the only liability of the Einhorn Company to the plaintiff was a liability under a contract.

The Louisiana case cited, In re Cumberland Tel. Co., 116 La. 125, 40 So. 590, involved apparently not only a breach of contract but an independent tort, as if here the Einhorn Company had trespassed on the leasehold granted to plaintiff and destroyed a counter or a showcase.

If there was any duty, in a legal sense, owed by the tea company to the plaintiff, it was a duty not founded on any privity of contract. For accepting a lease with knowledge of plaintiff's restrictive covenant, pos-

sibly the only real relief available to the plaintiff against the tea company is the equitable relief already secured in the state court under Justice Mullan's decree. In this the tea company, as above noted, has fully acquiesced.

In any event, the cause of action alleged against the tea company is separable from that against the Einhorn Company, because it is based on breach of a wholly different duty from the contract duty owed by the Einhorn Company. In this respect the case differs entirely from Del Fungo v. Rockland Light & Power Co. (D. C.) 46 F.(2d) 552, which I recently remanded, in which a joint fraud was alleged by plaintiff based on the same duty owed by all the defendants.

The plaintiff's alleged cause of action against the tea company can only be based on a tort, comparatively recently developed, falling under a category of maliciously inducing breaches of contract. Cf. Harvard Law Review, Vol. 36, pp. 633, 674, 702; Bitterman v. Louisville & Nashville R. R. Co., 207 U. S. 205, 223, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Angle v. Chicago, St. Paul, etc., Ry. Co., 151 U. S. 1, 13, 14, 14 S. Ct. 240, 38 L. Ed. 55; Beekman v. Marsters, 195 Mass. 205, 210, 80 N. E. 817, 11 L. R. A. (N. S.) 201, 122 Am. St. Rep. 232, 11 Ann. Cas. 332.

IV. The real object of all interlocutory motions is to lead up to an issue which may be tried.

If on such a motion a fatal weakness in the moving party's case develops, such infirmity is opened up, and the motion may turn out to be a boomerang. Cf. Cheatham v. Wheeling & Lake Erie Ry. Co. (D. C.) 37 F.(2d) 593; Welch v. Warner (D. C.) 46 F.(2d) 231, decided June 17th, 1930, and since affirmed. (C. C. A.) 46 F.(2d) 232.

That is the situation here, and, when I realized the possibility of its arising, I wrote counsel for the parties, calling attention to what I believed to be the controlling authorities which prevented the plaintiff from maintaining his action and received citations of authorities severally relied on by the parties in that regard.

As a result, I find that my first impression is correct.

V. The plaintiff is suing here on the same cause of action as that in his suit before Mr. Justice Mullan in the Supreme Court for Bronx County. Indeed his allegations, as above indicated, are almost identic in this action and in that. He is merely asking now for another form of relief which he might have secured in the state court equity suit. Hahl v. Sugo, 169 N. Y. 109, 114, 62 N. E. 135, 61 L. R. A. 226, 88 Am. St. Rep. 539; Lamming v. Galusha, 135 N. Y. 239, 244, 31 N. E. 1024; Smith v. Irvin, 45 Misc. Rep. 262, 92 N. Y. S. 170, 171. And see Gilbert v. Boak Fish Co., 86 Minn. 365, 367, 90 N. W. 767, 58 L. R. A. 735.

A single cause of action may not thus be split. Freeman on Judgments (5th Ed.) vol. 2, § 596, page 1255; Silberstein v. Begun, 232 N. Y. 319, 324, 133 N. E. 904; Townsley v. Niagara Life Ins. Co., 218 N. Y. 228, 232, 112 N. E. 924; Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40, 42, 62 N. E. 772, 57 L. R. A. 176, 88 Am. St. Rep. 636; Panoulias v. National Equipment Co. (D. C.) 198 F. 493, 495.

[7] An equitable action is a bar to an action at law for damages on the same cause of action where, as in New York state, damages could have been claimed in addition to the equitable relief sought. Freeman on Judgments (5th Ed.) vol. 2, § 593, p. 1250; Inderlied v. Whaley, 85 Hun, 63, 66–69, 32 N. Y. S. 640; Schmidt v. Weyell, 60 Misc. Rep. 370, 372, 113 N. Y. S. 630, 632; Gilbert v. Boak Fish Co., 86 Minn. 365, 368, 90 N. W. 767, 58 L. R. A. 735.

When a party commences an action in equity, he waives his right to a jury trial. Di Menna v. Cooper, 220 N. Y. 391, 396, 115 N. E. 993. The plaintiff's claim that he did not include his claim for damages in his equity action in order to have a jury trial of his damages, therefore, avails him nothing. He had his election, and he took it.

It is quite apparent, therefore, on the face of the papers, that the plaintiff has already exhausted his remedies against the tea company for the wrong complained of before Justice Mullan and in the present suit. It is alarming to contemplate what the condition of our calendars might be if such a salutary doctrine as that of res adjudicata was not enforced in a case of this kind.

Consequently the tea company is entitled to a summary judgment dismissing the complaint, with costs, and, as I have found the case was properly removed and that this court has jurisdiction, I grant an order for such a judgment.

VI. When the action is dismissed as against the removing nonresident defendant, there will be left only a controversy between citizens of New York state, and consequently what is left of the case after the dismissal of

the complaint as against the tea company must be remanded to the New York Supreme Court for Bronx County.

An order in accordance with this opinion may be submitted for signature on two days' notice.