## In re IRA WILLNER, Inc.
No. 56487.

District Court, S. D. New York.
Oct. 19, 1933.

Louis Rosenberg, of New York City, for the motion.

Nathan S. Briskman, of New York City, opposed.

WOOLSEY, District Judge.

This motion is in all respects denied.

I. The decision in Re Gaynor Homes (C. C. A. 2, May 1, 1933) 65 F.(2d) 378, is apparently the inspiration of this belated motion. It was published in the New York Law Journal on September 27, 1933, and these motion papers are dated September 29, 1933.

II. This motion opens up the whole record, and I have regarded all filed papers as before me hereon. Cf. Sklarsky v. Great Atlantic & Pacific Tea Company (D. C.) 47 F. (2d) 662, 665, and cases therein cited.

III. In Re Gaynor Homes, Judge Swan says that allegations of acts of bankruptcy which may be challengeable for vagueness only are sufficient to support an adjudication if not properly challenged. Here the second act of bankruptcy alleged in paragraph 7 of the amended petition is jurisdictionally adequate, though too vague if challenged as a pleading.

IV. In the Gaynor Homes Case Judge Swan says that the alleged bankrupt in its answer asserted that this petition was insufficient on its face, and reserved in its answer "the right to move for dismissal on that ground."

In the instant case, after a motion to dismiss on that ground, which Judge Coleman, according to the affidavit of Mr. Welling, petitioning creditors' counsel, felt that he must deny, the alleged bankrupt withdrew its motion, and Judge Coleman noted on the papers "Motion withdrawn with leave to alleged bankrupt to file answer within 10 days —5/3/33."

Then the alleged bankrupt answered, raising issues of fact only, and not reserving the right to dismiss for insufficiency on the face of the petition. Thereupon alleged bankrupt moved, on ground of simplicity of the issues, for trial immediately, and the issues of fact were referred to a special master to hear and report by an order reciting that it was made on motion of alleged bankrupt's attorney.

So much water, therefore, has gone under the procedural bridge in this cause since the motion to dismiss was made and withdrawn before Judge Coleman, that it has pro hac vice washed out of the amended petition any fault of allegation not jurisdictional.

An attorney cannot be permitted thus to blow hot and cold with this court and change his course of procedure in accordance with newly observed phenomena in the appellate courts, where, as here, subject-matter jurisdiction is not involved.

Settle order on notice.