**In re ANDREWS.**

District Court, S. D. New York.

June 21, 1937.

Straus & Osserman, of New York City, for alleged bankrupt.

Shepard Broad, of New York City, for Ashton & Russell, petitioning creditors.

McLaughlin & Stern, of New York City, for J. P. Strickland.

Dreher & d'Angio, of New York City, for George Alexander.

LEIBELL, District Judge.

On June 5, 1937, I signed an order to show cause returnable June 9th, bringing on a motion by the alleged bankrupt for leave to serve an amended answer to the involuntary petition in bankruptcy. The order to show cause, as submitted, contained a provision for a stay of a hearing before the referee on the issues, set for June 8th. I struck out the stay. On the afternoon of June 9th, with the approval of the attorneys, the motion was referred to me by Judge Mandelbaum, and I granted the attorneys an immediate hearing. In the course of the argument it appeared that the petition was filed on February 13, 1937, and the answer thereto on or about March 1, 1937; that in the interval the alleged bankrupt had made a number of motions which the petitioning creditors' at-

torney claimed were dilatory in their purpose and that the trial of the issues before the referee in bankruptcy had finally got under way on June 8th. The alleged bankrupt's attorney stated that there were excuses for the delay in applying for leave to serve an amended answer, and that he was afraid that if the answer already filed were not amended it would be attacked by the petitioning creditors as defective. The attorney for the petitioning creditors thereupon offered assurances that he would make no such attack. The alleged bankrupt's attorney stated that even with that concession he could not safely proceed with the trial of the issues, because there were certain paragraphs of the petition relating to acts of bankruptcy that were not complete and failed to give any particulars in respect to the general allegations contained therein. I thereupon asked him to designate those paragraphs, and after a short conversation with his opponent he replied that he required the particulars relating to the allegations in paragraphs 1, 2, and 3 of the petition. His opponent agreed to furnish those particulars on demand. I then inquired if that would put the pleadings in shape so that the trial before the referee could proceed without further delay, and with that understanding I wrote on the back of the motion papers a short memorandum and added a provision that they were to submit order on notice, so that both sides could see to it that the proposed order would contain the provisions that were worked out to the satisfaction of both sides on the argument as above indicated. Two proposed orders were thereafter submitted, there being a dispute as to whether an answering affidavit of the attorney for the petitioning creditors should be recited in the order and also as to whether an alleged default, when the motion was called in the bankruptcy motion part before Judge Mandelbaum on June 9th, should be so recited. I signed the order submitted by the attorney for the petitioning creditors which recited the affidavit and made no mention of the alleged default, which if it ever had occurred had been waived by the agreement to argue the motion before me.

On June 16th there came on before me, in the bankruptcy motion part, a motion by the alleged bankrupt to strike out as insufficient the allegations contained in paragraphs 1, 5, and 6 of the involuntary petition in bankruptcy herein. It should be noted that paragraph 1 was one of the paragraphs concerning which it was arranged at the hearing on June 9th that the petitioning creditors should furnish a bill of particulars. On this second motion there is annexed to the notice of motion a copy of the involuntary petition in bankruptcy, verified February 8, 1937, and the answer of the alleged bankrupt, verified March 1st, by the attorney for the alleged bankrupt.

On the argument before me on June 16th, the attorney for the petitioning creditors informed me that the papers on this motion and the demand for the bill of particulars (mentioned in my memorandum of June 9th) were both served by the attorneys for the alleged bankrupt at the same time. I was further informed that the attorneys for the alleged bankrupt had taken an appeal from my order entered on the first motion and had obtained a stay ex parte in the Circuit Court of Appeals pending the argument of a motion therein. In view of what had been arranged as a result of the argument before me on June 9th, which in effect let both the petition and the answer stand, the petitioners having served a bill of particulars on demand as to the allegations in paragraphs 1, 2, and 3 of the petition, I announced from the bench, on the argument of the present motion, that I would deny this motion. I offered to direct the petitioner to serve a bill of particulars as to any of the paragraphs (1, 5, and 6) that the alleged bankrupt's attorneys were seeking to strike out, but the attorney who then appeared for the alleged bankrupt, refused the suggestion.

█ The alleged bankrupt did not move to dismiss the petition as insufficient before filing his answer thereto. He waived his right to question its legal sufficiency by a motion to dismiss after answer and prior to the trial. In re Ira Willner, Inc. (D.C.) 4 F.Supp. 991; Donadio v. Robetsky (C.C.A.) 4 F.(2d) 51.

█ The petition in paragraphs 4 and 7 contains adequate allegations of acts of bankruptcy. Even if paragraphs 1, 5, and 6 were deleted from the petition, it would still be legally sufficient. It is true that paragraphs 1, 5, and 6 are vague and incomplete, but that does not affect the sufficiency of the petition as a whole (Conway et al. v. German et al. [ C.C.A.] 166 F. 67, 70), or justify a corrective motion as to said paragraphs after answer has

896

been interposed. The necessity for such a motion is not apparent. It would seem that the alleged bankrupt could, on the trial of the issues, adequately protect himself without making this motion. There is every reason for putting an end to the repetition of motions and stays that have impeded the trial of the real issues herein. This motion is accordingly denied.